63   553
76   242

AMOS MCLAUGHLIN V. P. H. MCMANIGLE.

(Case No. 1884.)

1. DELIVERY OF DEED.— The delivery of a deed, like any other fact, may be established by circumstantial evidence.

2. SAME — FACT CASE.— A deed to land was signed by an independent executor, but never recorded until after his death, nor was it ever seen elsewhere than among his papers during his life. A contract of sale between the executor and B. was shown, but whether the purchase money was paid or not did not appear. The executor during his life-time spoke of the land as having been

sold to B., and it was shown that after the signing of the deed B. went into possession. *Held:*

(1) That delivery of the deed was necessary to vest title in B.

(2) That the facts shown were not sufficient to establish a delivery of the deed.

(3) The fact that B. took possession of the land with the consent of the executor was not sufficient to establish the fact, essential to pass the title, that the deed had been delivered.

APPEAL from Nueces. Tried below before the Hon. Horace Chilton, Special Judge.

This was an action of trespass to try title brought by Amos McLaughlin against P. H. McManigle to recover lot No. 1, in block No. 36, in the town of Corpus Christi. The defendant answered by plea of " not guilty;" plea of statutes of limitation, and improvements made in good faith.

Cause submitted to the special judge without a jury; who found conclusions of fact and of law, on which he rendered judgment for the defendant.

The estate of H. L. Kinney, deceased, was the common source of plaintiff's and defendant's title. The plaintiff claimed title under a deed executed by Benjamin F. Neal and H. W. Berry, executors of the will of Kinney, dated March 21, 1869; recorded in county clerk's records of deeds of Nueces county on the 12th of April, A. D. 1873. This deed was made under an order of the probate court of Nueces county for the sale of the lot in controversy, together with other real estate belonging to the estate, which sale was approved and confirmed by the court, and the executors were ordered to make proper conveyances to the purchasers, the plaintiff being the purchaser of said lot. Plaintiff executed his note and a mortgage on the lot to secure the purchase money, bearing even date with the deed, which was recorded 17th day of October, 1869. The mortgage was satisfied and released by B. F. Neal, executor, on May 20, 1871, and the satisfaction and release were indorsed on the mortgage and acknowledged by Neal before a notary public of Galveston county.

The defendant claimed under a deed from Samuel Miller, dated 6th March, 1871, recorded the 28th of March, 1871, in the proper record of deeds for Nueces county. The defendant adduced oral testimony, and certain accounts and memoranda connected with them found among the papers of B. F. Neal, executor aforesaid, now deceased, to establish the existence and contents of a deed to the lot from the executors to said Miller executed in 1869 or 1870.

The court, in its four findings respecting the plaintiff's title, found in accordance with the recitals above made respecting it, and that the plaintiff had never been in possession of the lot. Other findings of the court were in substance to the effect following:

No. 5.   That one Samuel Miller purchased the lot some time during the year 1869 or 1870, and that a deed to him to the same was executed by the executors of H. L. Kinney, deceased; and that Miller went into possession under it and began the improvements thereon by building the foundation of a house.

No. 6.   That this deed has been lost or destroyed.

No. 7.   That by some arrangement, the nature of which does not appear, between Miller, McManigle (the defendant) and Neal, one of the executors, the defendant "took up Miller's trade, and that the purchase money due by Miller was paid off or satisfied."

No. 8.   That Miller conveyed to defendant on the 6th day of March, 1871, who paid him the consideration agreed on, and thereupon entered into possession of the lot, and went on completing improvements begun by Miller, and making other improvements. That Miller, and after him the defendant, have been ever since continuously in possession of the lot, openly claiming it adversely to the world.   That the purchase by Miller, and making of the deed to Miller, was subsequent to the purchase by McLaughlin.

No. 9.   That no order for the sale or confirmation of the sale to Miller was ever entered or made in the probate court of Nucces county.

No. 10.   That the property in controversy belonged to H. L. Kinney, deceased, at the time of his death (except so far as this finding may be affected by the subsequent finding relating to the Jones title), and belonged to the Kinney estate at the time McLaughlin purchased.

No. 11.   That both parties claimed under the Kinney title as a common source at the time of the institution of this suit.

No. 12.   That the executors of H. L. Kinney were H. W. Berry, B. F. Neal and Martin Hinojosa; and that B. F. Neal was the managing executor of the affairs of Kinney, deceased — that is to say, he kept the papers and transacted all the active business of the estate.

No. 13.   That the will of H. L. Kinney, deceased, constituted his executors "independent executors"— or executors without the control of the probate court.   That the will was duly probated, and all required formalities, such as returning an inventory, were complied with.

No. 14. That defendant, at the time of his purchase from Miller (said purchase being made by arrangement between B. F. Neal, one of the executors, and Miller), and at the time he paid the purchase money for the lot, did not know that it had been sold by the executors to McLaughlin, or that he had any claim to it.

No. 15. That there were no facts known to him, McManigle, relating to the prior sale to McLaughlin calculated to put a reasonable and prudent man on inquiry at the time he purchased and paid for said lot. . .. .

The following were the court's conclusions of law based on the preceding conclusions of fact, viz.:

. . . 2. "That defendant was an innocent purchaser in good faith, for a valuable consideration, of the lot in controversy, without notice, actual or constructive, of plaintiff's deed or purchase.

3. "That the fact that defendant's purchase was from executors does not affect his *status* as an innocent purchaser, inasmuch as the executors were independent of the probate court; nor was the absolute right of the executors of Kinney to make a sale to defendant (defendant not knowing of the prior sale) qualified by the fact that in the instance of the sale to plaintiff they may have unnecessarily procured an order and confirmation of the sale.

4. "That the defendant should have judgment for the lot in controversy."

*McCampbell & Givens*, for appellant, cited: R. S., arts. 548 and 554; Vandergriff *v.* Piercy, 59 Tex., 371.

No briefs on file for appellee.

WALKER, P. J. COM. APP.— . . . Aside from the foregoing view, which is decisive of the result of this appeal, we think that there are other grounds presented by appellant for revision having respect to questions arising on the merits of the trial of the two chains of title under which the parties respectively claimed, which disclose errors for which the judgment ought to be reversed.

It is assigned as error that the court erred in its fifth conclusion of fact, for the reason that there was no evidence to show that the deed to Miller had ever been delivered to him by the executors of H. L. Kinney, deceased. The delivery of the deed was, of course, essential to its validity. Dikes *v.* Miller, 24 Tex., 417. It may be an actual or constructive delivery; and if it be not actually delivered to the grantee or his authorized agent, it is essential to its validity to prove notice to the grantee of its execution and such

additional circumstances as will afford a reasonable presumption of his acceptance. Tuttle *v.* Turner, 28 Tex., 759.

The delivery of a deed may be established by circumstances as well as by direct proof. Van Hook *v.* Walton, 28 Tex., 59.

In this case, whatever proof existed of the delivery of the deed in question was circumstantial. The evidence does not show that it was ever seen elsewhere than among the papers of B. F. Neal, one of the executors, after his death in 1874, and it was never recorded. The defendant testified that "he had heard Miller and Neal and others say and speak of the lot as having been sold to Miller by the executors of Kinney." He also testified that after Miller bought he went into possession of the lot and was in possession when he (defendant) bought. The witness specified the contents of the deed in question, identifying them as being substantially the same in its recitals as that of the plaintiff, except as to dates, consideration and other like details. In addition to this evidence the defendant introduced certain memoranda found among the papers of B. F. Neal, deceased, which are as follows, viz.:

"Samuel Miller, in account with B. F. Neal, provided the contract had been carried out according to his proposition:

| | |
|---|---|
| Lot 1 in block 36.................................... | $250.00 |
| Lot 2 in block 36.................................... | 190.00 |
| Paid Dowd for lumber.................................... | 13.90 |
| Drayage to Bee, $454.40.................................... | .50 |
| do  25c., 25c., 50c., for other hauling................ | 1.00 |
| 100 feet gallery removed.................................... | 5.73 |
| 260  "   "   "  .................................... | 6.50 |
| Paid Rains and assistants (see pp. 28–35).................. | 15.12 |
| | $482.75 |

"Such would have been the condition of matters between Miller and myself had he carried out his original proposition.

| | | |
|---|---|---|
| Now Miller advanced $250.00.............................. | | $250.00 |
| I have returned him.................................... | $50.00 | |
| Paid Fitzsimmons for transcript.......................... | 1.50 | |
| Paid for book.................................... | .50 | |
| | | 52.00 |
| Balance due Miller.................................... | | $198.00 |

"Which I want him paid out of the above lots.

"Now, when appellee occupied the lots the materials on the ground and labor done thereon are as follows:

| | |
|---|---|
| Sills as per Dowd's bill.................................... | $13.90 |
| Posts $5, and setting posts and frame $10................ | 15.00 |
| Window sash and frame (very low)......................... | 4.00 |
| | $32.90 |

"COL. SAM MILLER'S ACCOUNT.

| | | |
|---|---|---|
| Lot No. 1, block 36 | $250.00 | |
| Lot No. 2, block 36 | 190.00 | |
| Paid sundry items for material and cash | 93.75⅔ | |
| | | $533.75⅔ |
| By cash per book | | 250.00 |
| | | $283.75 " |

The deed being found in the grantor's possession was a circumstance tending, unexplained, to negative the fact of delivery to the grantee. It was a fact consistent with the grantor's having made the same in anticipation of a future delivery of it, accordingly as circumstances might require or incline him, but which had never been carried into effect.

The other facts tended to show that a contract of sale with Miller of the lot had been made on terms of some kind, and that Miller had taken possession under such contract with the knowledge and consent of the executors, but they are not sufficient to establish the fact that Miller had complied with those terms, and that the deed had been executed and delivered to him in pursuance of the contract of sale. The accounts or statements of items of account in evidence, considered in connection with the accompanying memoranda, explanatory of them, do not relieve the subject from obscurity and doubt as to what were the propositions and terms pending between Miller and Neal in regard to the sale of the lot; nor do they show whether they were complied with, nor whether the parties made in lieu of the original proposition of Miller any new contract which had been fulfilled.

If, however, it might be concluded that there was such a contract with which Miller had so far complied as to entitle him to a deed to the lot, the possession of such an instrument by Neal would not import a delivery, actual or constructive, in the absence of circumstances to show that its formal delivery to Miller had been, with the knowledge of the parties, dispensed with or waived, so that Neal would be constituted a depositary of it for the benefit of Miller.

If it had ever been delivered to Miller, the subsequent possession of it (as for safe-keeping or other like reason of convenience) by Neal would not affect the question. As was said in Hart v. Rust, 46 Tex., 571, "The fact that the deed was subsequently returned to the grantor, to be preserved and taken care of by him for the grantee during his minority and contemplated absence in the army, neither negatives or disproves its previous delivery, or annuls or destroys its effect to pass the title of the property embraced in it, as

between the parties to it" (4 Kent, 455, 456, and notes). Hille-brant *v.* Brewer, 6 Tex., 49.

There being, then, no valid deed to Miller, the defendant did not become invested by Miller's deed to him with title or with the apparent legal title to the lot in controversy, and we deem it unnecessary to discuss the merits of any of the other grounds assigned as error, and we are of the opinion that the judgment ought to be reversed.

Upon the question of title the supreme court, proceeding to render such judgment as ought to have been rendered below, might well proceed to adjudge the plaintiff entitled to recover the lot under the evidence in this case, but in view of the issue as to improvements made in good faith, and of the evidence showing that Miller and the defendant had placed improvements on the lot, we deem it proper to recommend that the cause be remanded for further proceedings.

REVERSED AND REMANDED.

MARCH 20, 1885.

The within and foregoing opinion examined and adopted so far as it holds that there was error in the finding of the court below that the deed to Miller from the executor of Kinney's estate had been delivered; upon this ground alone the judgment below is reversed and rendered for appellant. We give no opinion upon the first question discussed in the report of the commissioners.

WILLIE, C. J.*

---

*The discussion of the first question considered by the commission of appeals, not having been approved, has been omitted in the opinion as published.— RE-PORTER.