CHAS. SCHEUBER ET AL. v. W. H. BALLOW ET AL.

(Case No. 5277.)

1. EVIDENCE. — Evidence is admissible to show that defendant, before purchasing property claimed as a homestead, took the advice of counsel as to the validity of the title which he was about to purchase.

2. HOMESTEAD. — The lapse of eight days between a cessation of business and a sale of the premises on which the business was conducted will not destroy its exemption as a homestead, unless there has been an abandonment. No fixed rule can be laid down as to what lapse of time will work an abandonment, but each case must be decided on its merits. Exemption is intended as a substantial benefit, and when it has attached it will not be removed without good cause.

3. FRAUD. — It is no proof of fraud that the purchaser of a homestead knew that the creditors of his vendor were about to attach it, for his creditors could have no interest in it.

APPEAL from Wichita. Tried below before the Hon. B. F. Williams.

This suit was brought by appellants to recover a certain lot in the town of Wichita Falls, together with rents at the rate of $125 per month from the 6th day of April, 1884, which they averred to be the rental value of the premises.

At the August term, 1884, defendant W. H. Ballow filed a plea of not guilty, and the other defendants filed a disclaimer.

A jury being waived, the cause was submitted to the court, who rendered judgment for the defendants.

The evidence showed that the property was worth from $2,000 to $3,000, and the rental value to be from $87.50 to $125 per month.

David Ballow (a brother of W. H. Ballow) and one Williams were partners in business both as merchants and as saloon-keepers. They owned jointly the two houses in which they were thus engaged.

On June 13, 1883, Ballow conveyed to Williams his interest in one of the lots and Williams conveyed to Ballow his interest in the lot now in controversy.

Before that time the parties appear to have claimed that these lots were exempt by reason of the homestead exemption.

On the next day these parties made an assignment of their property (not including these two lots) for the benefit of their creditors.

On the 23d of June David Ballow conveyed the lot in controversy to appellee, and on the same day (and within half an hour afterwards) it was attached at the suit of the joint creditors.

The contract for the sale was made several days before the deed was executed.

The first assignment of error was taken to the admission of the testimony of S. T. Miller, to the effect that he had advised the defendant that the property was homestead and not subject to execution, and not liable for his brother's debts.

The fifth assignment is: The court erred in rendering judgment for defendant when the evidence and the law clearly warranted a finding for the plaintiff.

*W. W Flood* and *Hunter & Stewart*, for appellants, cited: Weisiger *v.* Chisholm, 28 Tex., 792; Castro *v.* Illies, 22 Tex., 503; Edrington *v.* Rogers, 15 Tex., 188; Hancock *v.* Horan, 15 Tex., 510; Humphries *v.* Freeman, 22 Tex., 45; Taylor *v* Townsend, Texas Law Rev., July 29, 1884, p. 49; Shryock *v.* Latimer, 57 Tex., 674; Amphlett *v.* Hebbard, 29 Mich., 298; Kingsley *v.* Kingsley, 39 Cal., 666; Rhodes *v.* Williams, 12 Nev., 20, 28.

DELANY, J. COM. APP.— The first assignment of error cannot be maintained. It was perfectly competent for the defendant to show that, before purchasing, he had taken the advice of counsel as to the validity of the title which he was about to purchase.

Appellants appear to admit that, if David Ballow had sold to appellee on the day of the assignment, he would have conveyed a good title. This assumes that the property is to be regarded as the homestead of David Ballow, and not subject to execution, at the time when he ceased to do business. The circumstances relied on as an abandonment are these: He suffered eight days to elapse between the cessation of his business and the day of the conveyance, and during this time he made no use of the house. They appear to put the case thus: As the exemption arises from the use of the property as a place of business, the exemption is lost at the moment, or at least on the day, that the business ceases.

We cannot accept this view of the case. The exemption was certainly intended as a substantial benefit, and is not to be lost in this summary way. The owner may fail in business, but he is not limited to any one occupation. A reasonable time, therefore, ought to be allowed him to adapt himself to his changed condition, and the property will not be subject to execution unless it is clear that there has been an abandonment. The case of Shryock v. Latimer, 57 Tex., 674, is in point. In that case Latimer ceased to use the property as a place of business about the close of the year 1876. He rented it out in September, 1877, and it was sold under execution on February 12, 1878.

Of course we do not mean to say, or even to suggest, what time ought to be allowed in such cases. Each case must depend on its own circumstances, and the question of abandonment is a question of fact to be determined by the court or jury, as the case may be.

In the case before us, the assignment was made on the 14th and the conveyance on the 23d of the month. But as a matter of fact, the agreement to sell was made several days before, but was prevented for the time being. It also appears that at the time of the assignment and for some days afterwards, David Ballow expected to commence a new business, but found himself unable to do so. The evidence is entirely consistent with the good faith of the parties to the sale. But appellants point out, as a proof of fraud. that appellee purchased the property with full knowledge that the creditors of the vendor were about to attach it for his debts. This, we think, does not alter the case. If the property was the homestead of

David Ballow, his creditors had no interest in it.    Beard v. Blum, 1 Tex. Court Rep., 19.

The court below, sitting as a jury, having found in favor of the validity of the conveyance, we think the judgment should be affirmed.

AFFIRMED.

[Opinion adopted May 12, 1885.]