SALLIE R. CROOM v. JEROME HILL COTTON CO.

Delivered January 30, 1897.

**Delivery of Deed—Recording as Delivery.**

C., owning land in another State, agreed to sell it to defendant at a certain price, part cash, balance in a note, there being no understanding as to when the deed was to be executed. Some weeks afterwards, without the knowledge or assent of defendant, he executed a deed of the land to defendant and mailed it for record to the proper recording officer. After its record and return to C., he carried it to defendant, who then first learned of its execution. After its record, but before such personal delivery to defendant, the land was attached as the property of C. Held, that the attachment would prevail, as there had been no legal delivery of the deed prior to the levy.

APPEAL from Fannin. Tried below before Hon. E. D. MCCLELLAND.

*Richard B. Semple,* for appellant.—1. If the vendor verbally agrees with the vendee as to the terms of the sale of a tract of land, and all the terms of the contract are settled between the parties, the fact that the vendor executes and acknowledges the deed for the land to the vendee and has the same recorded without further consulting the vendee, but in pursuance of the stipulations of the contract is tantamount to a delivery of said deed to the vendee and an acceptance of the same by the vendee. Holliday v. White, 33 Texas, 459; Wallis v. Taylor, 67 Texas, 434; Hubbard v. Cox, 76 Texas, 239; Brown v. Brown, 61 Texas, 56; Showalter v. McDonnell, 83 Texas, 158; Scrugham v. Wood, 30 Am. Dec., 75; Snider v. Lackenour, 38 Am. Dec., 685; Tobin v. Bass, 55 Am. Rep., 392; Kille v. Ege, 79 Pa. St., 15; Alexander v. Alexander, 71 Ala., 295; Hoeser v. Kraeka, 29 Texas, 454; Levy v. Cox, 22 Fla., 546; Gordon v. Trimmier, 91 Ga., 472.

*Taylor, Galloway & McGrady* for appellee.—1. The voluntary conveyance of land by deed to a grantee, who is sui juris, is a contract— the minds of the contracting parties, grantor and grantee, must meet upon the terms of the trade.

2. In order to constitute a complete delivery of a deed, such as will pass title, it is just as necessary that the grantee, sui juris, should accept the deed as it is that the grantor should deliver the same on his part.

3. The law does not presume an acceptance upon the part of a person designated as the grantee in a deed, who is sui juris, merely because the terms of such instrument are beneficial to such person.

4. Where the grantor, without the knowledge or consent of the grantee, makes out a deed, has it filed and recorded without any agreement with or knowledge by the grantee that the deed would be delivered to the recorder, he, the grantor, thereby constitutes the recorder his own agent; he does not thereby lose control of the deed, and such acts do not constitute a delivery of the deed.

5. No title passed to the grantee so long as she had not accepted the deed and become bound thereby in law. Alliance Milling Company v. Eaton, 86 Texas, 401; Tuttle v. Turner, 28 Texas, 759; Hubbard v. Cox, 76 Texas, 239; Kempner v. Rosenthal, 81 Texas, 12; 63 Texas, 553; Parmele v. Simpson, 5 Wall., 81; Young v. Guilbeau, 3 Wall., 636; Carr v. Hoxie, 5 Mason (U. S. Cir.), 60; Martindale on Conveyances, secs. 207-212, 214; 3 Wash. on Real Prop., (4 ed.,) 284, 292, 299; Devlin on Deeds, secs. 274, 285, 290, 291; 5 Am. & Eng. Ency. Law, 445; 4 Kent's Com., 454; 1 Wood on Conveyances, 195; Bell v. Bank, 2 Bush., 34; Commonwealth v. Jackson, 10 Bush, 424; Sampson v. Thornton, 3 Met., 275; Dole v. Bodman, 3 Met., 139; Harrison v. Phillips Academy, 12 Mass., 456; Maynard v. Maynard, 10 Mass., 456; Hawkes v. Pike, 105 Mass., 561; Fairbanks v. Metcalf, 8 Mass., 230; Hedge v. Drew, 12 Pick., 141; Ward v. Winslow, 4 Pick., 518; 13 Gray, 177; Parker v. Hill, 8 Met., 447; Jackson v. Phipps, 12 Johns., 421; Schaeffer v. Reiley, 50 N. Y., 61; Wilsey v. Dennis, 44 Barb., 359; Fonda v. Sage, 46 Barb., 123; Gilbert v. Insurance Co., 23 Wend., 143; Best v. Brown, 25 Hun., 223; Elsey v. Metcalf, 1 Denio, 323; Jackson v. Bodle, 20 Johns., 184; Jackson v. Dunlap, 1 Johns. Chan., 114; Jackson v. Richards, 6 Cow., 617; Jackson v. Bard, 4 Johns., 230; Pierce v. Hall, 41 Barb., 142; Foster v. Beardsley Co., 47 Barb., 513; Jacobs v. Alexander, 19 Barb., 243; Hulick v. Scovill, 9 Ill., 159; s. c. 4 Gilm., 159; Rivard v. Walker, 39 Ill., 413; Kingsbury v. Burnside, 58 Ill., 310; Weber v. Christen, 121 Ill., 91; s. c. 2 Am. St. Rep., 68; Herbert v. Herbert, Breese, 354; s. c. 12 Am. Dec., 192; Cooke v. Brown, 34 N. H., 460; Johnson v. Farley, 45 N. H., 505; Derry Bank v. Webster, 44 N. H., 264; Baker v. Haskell, 47 N. H., 479; Fisher v. Hall, 41 N. H., 421; Barnes v. Hatch, 3 N. H., 304; s. c. 14 Am. Dec., 369; Elmore v. Marks, 39 Vt., 538; Denton v. Perry, 5 Vt., 382, 16 Vt., 563; Jackson v. Cleveland, 15 Mich., 101; Fielder v. Fisher, 65 Mich., 606, 32 N. W. Rep., 838; Woodberry v. Fisher, 20 Ind., 389; Goodsell v. Stinson, 7 Blackf., 137; Stewart v. Weed, 11 Ind., 92; Guard v. Bradley, 7 Ind., 600; Fletcher v. Mansur, 5 Ind., 267; Dearmond v. Dearmond, 10 Ind., 191; Somers v. Pumphry, 24 Ind., 240; 8 Ind., 364; Welch v. Sackett, 12 Wis., 243; Cooper v. Jackson, 4 Wis., 537; McPherson v. Featherstone, 37 Wis., 632; Prutsman v. Baker, 30 Wis., 644; Fisher v. Beckwith, 30 Wis., 55; Comer v. Baldwin, 16 Minn., 162; Mitchell v. Ryan, 3 O. St., 377; Day v. Griffith, 15 Iowa, 104; Overman v. Kerr, 17 Iowa, 486; Kuh v. Garvin, 28 S. W. Rep. (Mo.), 847; Cravens v. Rossiter (Mo. Sup.), 22 S. W. Rep., 756; Van Court v. Moore, 26 Mo., 92; Rogers v. Carey, 47 Mo., 232; Miller v. Physick, 24 Ark., 244; Brown v. Brown, 66 Me., 316; Hatch v. Bates, 54 Me., 139; Oliver v. Stone, 24 Ga., 63; Welborn v. Weaver, 17 Ga., 267; Gregory v. Walker, 38 Ala., 26, 33; Lepec v. Union Bank, 32 Md., 136; Stewart v. Redditt, 3 Md., 67; Jones v. Bush, 4 Harr., 1; Pennell v. Wayant, 2 Harr., 501; Bullit v. Taylor, 34 Miss., 741; s. c. 69 Am. Dec., 412; Hibberd v. Smith, 67 Cal., 547; Fitch v.

Bunch, 30 Cal., 213; Boardman v. Dean, 34 Penn. St., 252; Phillips v. Houston, 5 Jones L., 302; Bailey v. Houston, 7 Jones L., 44; Townsend v. Tickell, 3 B. and Ald., 36; Goddard's Case, 2 Rep., 4 b.

RAINEY, Associate Justice.—We are of the opinion the conclusions of fact Nos. 1, 2, 4, and 5 of the trial court are supported by the evidence, and the same are adopted as the conclusions of this court. They are as follows:

"1.  The property in controversy was purchased by H. W. Croom on May 8, 1891, and while he was residing on that property, and a resident of Bonham, Texas, his wife, Minnie L. Croom, died on November 27, 1891.  Minnie L. Croom had but one child, which was also the child of H. W. Croom, and which died on November 8, 1891.  About eleven months thereafter, H. W. Croom sold out his business in Bonham and left the State of Texas, went to Atkins, Arkansas, there married again and went into business, and abandoned all intention of ever thereafter returning to make the property in controversy his homestead, but acquired an actual residence and citizenship in Atkins, Arkansas.

"2.  That on about November 25, 1894, H. W. Croom made a trade with the defendant to sell her the property in controversy for about $1090, of which $90, or thereabouts, was to be paid in cash and a note for $1000 and interest, which defendant held against D. C. Love and ———— Love; but there was no actual understanding as to the time the deed would be made, nor was there any understanding that the deed should recite a false consideration.  That on December 3, 1894, without the knowledge or consent of defendant, H. W. Croom, joined by his wife, caused to be drawn up, and they signed and acknowledged, the deed which the defendant has read in evidence, and H. W. Croom mailed it to the clerk of the Circuit Court at Bonham, Texas, with instructions for him to record it, which deed and instructions were received from the postoffice at Bonham, Texas, by the clerk of the District Court of Fannin County, Texas, on the 4th day of December, 1894, and by him on the same day delivered to the clerk of the County Court, who recorded it and mailed it back to H. W. Croom on the 12th day of December, 1894, and that after the plaintiff had levied its writ of attachment upon the property in controversy as the property of H. W. Croom, H. W. Croom received the deed from the postoffice at Atkins, Arkansas, and carried it and delivered it to the defendant; that this is the first time the deed had been delivered, and was the first information which she had of its existence.

*      *      *      *      *      *      *      *      *      *

"4.  I find that the deed had not been delivered by H. W. Croom or accepted by the defendant, and defendant had not paid the consideration for the same at the time plaintiff levied its writ of attachment upon the property in controversy.

"5.  I find that plaintiff was a creditor of H. W. Croom, who was

insolvent, sued him in the District Court of Fannin County on December 13, 1894, and on same day caused to be issued in due form a writ of attachment, and on the same day this writ of attachment was duly levied upon the property in controversy, as shown by the sheriff's return upon the writ of attachment read in evidence, and that said suit was prosecuted to judgment and the attachment lien foreclosed at the February term, 1895, and that the property thereafter in due time was sold under this judgment and bought in by plaintiff; and that at the time said writ of attachment was levied upon said property the title thereto was in H. W. Croom."

*Conclusions of Law.*—The main issue, and the one decisive of the case, presented for our consideration is, whether there was such a delivery of the deed from H. W. Croom to Mrs. Sallie R. Croom, before the levy of the writ of attachment, as would convey the title to the land to Mrs. Croom.

In the case of Tuttle v. Turner, 28 Texas, 759, our Supreme Court in passing upon a contest between an attaching creditor and a grantee of the debtor, Coke, J., delivering the opinion, said: "A deed takes effect only from the date of its delivery, which may be either actual or constructive. It is essential to the operative force and validity of a deed, if not actually delivered to the grantee or his agent authorized to receive it, to prove notice to him of its execution, and such additional circumstances as will afford a reasonable presumption of his acceptance of it. The presumption that a party will accept a deed because it is beneficial to him, it is said will never be carried so far as to consider him as having accepted it."

We think that doctrine correct, and it is applicable to this case. We conclude from the facts that there was no delivery of the deed, in contemplation of law, before the levy of the attachment, and that appellee by the levy of the writ of attachment and the foreclosure sale, etc., secured the better title to the land, and is entitled to recover. In support of this conclusion we also cite: McLaughlin v. McMangle, 63 Texas, 553; Kempner v. Rosenthal, 81 Texas, 12; Bell v. Bank, 21 Am. Rep., 205; Parmele v. Simpson, 5 Wall., 86.

The judgment of the court below is affirmed.        *Affirmed.*