FRANCIS SMITH & Co. v. V. L. JAMES ET AL.

Decided November 15, 1899.

**1. Charge of Court—Harmless Error.**

Error in the charge as being upon the weight of evidence as to a given issue is immaterial where the evidence would not have warranted any other finding as to that issue.

**2. Deed—Delivery.**

Where a deed was delivered by the grantor to the grantee and was given by him to another person to have it recorded, the facts that, for some unexplained reason, it was not recorded and was handed back by the grantee to the grantor, his brother, for safe keeping, will not defeat the delivery.

**3. Notice by Possession.**

Actual possession of land by one owning an undivided interest therein by a deed not recorded is notice of his title to subsequent purchasers of the land.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*Upson & Newton* and *T. J. Newton,* for appellants.

*H. C. Carter,* for appellees.

FLY, ASSOCIATE JUSTICE.—Suit on promissory notes, one for $360 and one for $4000, executed by H. B. Andrews, deceased, and to foreclose a deed of trust on certain land, was instituted by appellants against V. L. James and Benjamin Andrews, executors of the estate of H. B. Andrews, and against Benjamin Andrews individually. The executors answered by general demurrer and general denial. Benjamin Andrews answered for himself that he was the owner in fee simple of a one-half undivided interest in the land upon which a foreclosure was sought; that he had bought the same on May 7, 1891, from H. B. Andrews, and had been in actual and undisputed possession of it since that time. He also pleaded that he had made substantial improvements, and that it had been agreed between him and H. B. Andrews that he should have the portion of land upon which he made his improvements. The questions of improvements and partition of the land were by agreement eliminated from the cause. By supplemental petition appellants denied the matters alleged in the answer of Benjamin Andrews, and pleaded specially that if a deed was made by H. B. Andrews to Benjamin Andrews, as alleged, it was not recorded at the time the mortgage was executed on the land in favor of appellants, and they had no notice of any claim that Benjamin Andrews had to the land. The cause was tried by jury, and resulted in a verdict and judgment in favor of appellants as to the executors, for the amount sued for, and for foreclosure of the lien on an undivided one-half of the property described in the petition, and in favor of Benjamin Andrews for the other undivided half interest in the land.

The following charges were requested by Andrews and given by the court:

"If the deed from H. B. Andrews to Benjamin Andrews was delivered to said Benjamin Andrews before the execution of the deed of trust, the fact, if it be a fact, that it was subsequently returned to H. B. Andrews to be preserved and taken care of by him for said Benjamin Andrews, does not affect the title to the property therein embraced, as between the parties to it. Wherefore, if you find from the testimony that H. B. Andrews delivered the deed in question to Benjamin Andrews before the execution of the deed of trust herein, and you further find that said Benjamin Andrews went into possession of the land therein conveyed by virtue of said deed, and was in the actual possession of said land at the time of the execution of said deed of trust, you will find for the defendant Benjamin Andrews."

"You are instructed that the presumption of law is, that the deed from H. B. Andrews to Benjamin Andrews, bearing date May 7, 1891, in evidence before you, was delivered to said Benjamin Andrews on the day it bears date, and the burden of proof is upon the plaintiff to show by

a preponderance of evidence that said deed was not delivered on the day it bears date."

The first is objected to as being upon the weight of the testimony, and as not applicable to any issue raised by the evidence, and the last is attacked on the ground that it is improper to give an instruction as to presumptions of law, or as to the burden of proof, or to state that the burden is on either party to establish a fact by a preponderance of evidence. Should it be admitted that both of the charges are obnoxious to the objections urged against them, still, under the facts of the case, no injury was inflicted thereby upon appellant. The uncontradicted proof was to the effect that the deed from H. B. Andrews to Benjamin Andrews was delivered to the latter on the day of its execution, and was returned to the former for safe keeping; that the date of delivery was before the execution of the mortgage, and that Benjamin Andrews, not more than two weeks after the execution of the deed, went into possession of the land by virtue of the deed, and from that time to time of trial had held exclusive possession of it. This view of the evidence disposes of the third assignment also, which complains of the fifth subdivision of the charge of the court.

By the uncontradicted evidence it appears that Benjamin Andrews conveyed land in Uvalde County to H. B. Andrews in consideration for the land in controversy; that a deed conveying the land to him was duly executed and acknowledged by H. B. Andrews and delivered to the grantee, who in turn left it with the notary public with instructions to give it to a certain man for record. For some reason unexplained, the deed was not recorded, and by request of Benjamin Andrews the grantor took possession of the deed to hold it for the grantee. After the execution of the mortgage Benjamin Andrews ascertained that his deed had not been recorded, and placed the same upon record. The facts established a delivery of the deed, and a subsequent return to the grantor for safe keeping would not affect its validity. Hillebrant v. Brewer, 6 Texas, 49; Hart v. Rust, 46 Texas, 556; McLaughlin v. McManigle, 63 Texas, 553.

The deed, having been executed and delivered, was effectual to pass the title to the land, except as to creditors and subsequent purchasers, although it was not recorded, and if the subsequent purchaser had notice of the unregistered deed, his bona fides would be destroyed and the deed would be effective as to him. Registration is for the purpose of placing within reach of those interested information of the state of title, and constructively it is notice of all claims against or incumbrances upon the title. It is the well settled doctrine in this country that the notice given by possession is equivalent to the constructive notice afforded by the registration of a deed. Watkins v. Edwards, 23 Texas, 449; Hawley v. Bullock, 29 Texas, 217; Mullins v. Wimberly, 50 Texas, 457; Mainwaring v. Templeman, 51 Texas, 205; Cameron v. Romele, 53 Texas, 238; Wimberly v. Bailey, 58 Texas, 222.

Benjamin Andrews had never, so far as disclosed by the record, been in possession of the land in controversy as a tenant or employe of H. B. Andrews, as seems to be contended by appellants, but his possession began after the execution of the deed, and began by virtue of the deed. If, however, he had been a tenant of his grantor, and there had been no visible change of his relation, the authorities seem to hold that his possession would be sufficient to put subsequent purchasers upon inquiry. In the case of Wimberly v. Bailey, above cited, W. S. Bailey had died, leaving all his property to his wife during her lifetime, and after her death, to their children. One of the children became of age and desired his part of the property at once, and the mother bought his expectancy in the estate for the benefit of herself and the other children. The transfer was not recorded, and there was no change in the possession. It was said by the court: "An instrument which the law permits to be registered is declared to be, if unregistered, void as to creditors and subsequent bona fide purchasers without notice. But can he that fails to make inquiry as to the extent of the right of a person in possession of land which he desires to buy, or upon which he seeks to attach a lien, be without notice? This court has said not, and this rule is now too firmly fixed in this State to be changed, were there a desire to do so."

The judgment is affirmed.

*Affirmed.*

JAMES, Chief Justice, did not sit in this case.

Writ of error refused.