RANDLEMAN et al. v. CARGILE et ux.

(Court of Civil Appeals of Texas. Amarillo. Jan. 24, 1914.)

1. HOMESTEAD (§ 162*)—ABANDONMENT.
The abandonment of a homestead is a question of intention.
[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 315–319; Dec. Dig. § 162.*]

2. HOMESTEAD (§ 181½*) — ESTOPPEL TO CLAIM.
The question of estoppel to claim a homestead is one of fact which is ordinarily for the jury.
[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 401; Dec. Dig. § 181½.*]

3. HOMESTEAD (§ 163*)—ABANDONMENT.
If a husband and wife remove from their homestead after the execution of a conveyance thereof by the husband alone, with the fixed intention not to again return to it as a home, they thereby abandoned it as a homestead, irrespective of whether they have since acquired another homestead.
[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 320–326; Dec. Dig. § 163.*]

Appeal from District Court, Dickens County; Jo. A. P. Dickson, Judge.

Action by D. S. Cargile and wife against T. A. Randleman and another. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

R. S. Holman, of Spur, and Dalton & Russell, of Plainview, for appellants. B. G. Worswick, of Dickens, and B. D. Glasgow, of Spur, for appellees.

HALL, J. The appellees, D. S. Cargile and wife, filed this suit in the district court of Dickens county on April 8, 1913, against T. A. Randleman and J. F. Vernon, alleging that on April 30, 1912, they were the owners of lot 9 in block 35, in the town of Spur, in Dickens county, and were on said date, and long prior thereto, occupying said premises as their family homestead. They alleged ejectment by appellant on said last-named date, and that the rental value of said property was $250 per annum; that on or about April 30, 1912, D. S. Cargile, without the knowledge or consent of his wife, entered into an agreement with T. A. Randleman to exchange said property for 160 acres of land in New Mexico, belonging to the said Randleman; that the difference in the values of the two pieces of property was $300, for which difference the appellee Cargile executed his certain promissory note in the sum of $50, and in addition thereto was to deliver to appellant a certain vendor's lien note for $250, secured by land in Stovall county, executed by one Durrett, payable to the order of said Cargile; that D. S. Cargile executed a deed, conveying the Spur property, which deed, together with the two notes above described, constituted the consideration for the purchase price of the 160 acres of land situated in New Mexico, claimed by the said Randleman; that on the last-mentioned date the two deeds, together with the notes, were delivered to the defendant J. F. Vernon, to be held by him pending the approval by the plaintiff D. S. Cargile of the said exchange of property; that both of said deeds, together with the two notes, were placed in the hands of the defendant J. F. Vernon, with the express and distinct understanding by the parties that the said Vernon should in no event turn over to the said Randleman the deed and notes until he (the said Vernon) should be advised by the said Cargile that the 160 acres of land in New Mexico was as the said Randleman had represented it to be. Plaintiff further alleged that, as an inducement to the plaintiff to enter into the arrangement for the exchange of property, the defendant Randleman represented to him that there was a govern-

ment section adjacent to said 160-acre tract that was subject to lease or purchase from the United States, and that water could be easily piped from said 160 acres to the said section, and as a further inducement for said exchange the said Randleman represented to the said Cargile that the said 160 acres was not sandy but was tight, valley land and would not blow; that it was highly productive and was good farming land. It was further represented by said Randleman that said 160 acres were on a rural mail route. It is further alleged that plaintiff believed each of said representations to be true and relied and acted on the same; that they were material representations and induced plaintiff to enter into the arrangement for the exchange of property; that plaintiff would not have entered into said exchange but for said representations, and that each and all of the representations were false, and known to be false by the said Randleman at the time they were made; that the 160 acres of land was located over 200 miles from where plaintiff lived, and he had no opportunity before the execution of the deed and notes to investigate for himself; that immediately after the execution of the deeds and notes, and after they were deposited with the defendant Vernon, plaintiff left the town of Spur for the purpose of investigating the character and situation of the 160 acres and found that the land was sandy, the soil had blown and was poor and unproductive, there was no government section adjoining it which could be leased or purchased, and that the rural route was more than half a mile from the land; that the plaintiff immediately wired to the defendant J. F. Vernon not to deliver the deed and notes to Randleman, and at the same time wrote to the said Vernon the trade did not suit him, and instructed him not to turn over any of said notes or deed to the said Randleman; that, in violation of the instructions, defendant Vernon did deliver the deed and notes to Randleman; that the deed has been recorded in Dickens county and the notes have been collected by Randleman and the proceeds thereof appropriated to his own use; that the deed from Randleman to plaintiff is in the possession of said J. F. Vernon; that on or about the 1st day of September, 1912, in consideration of the premises, plaintiff demanded of the said Randleman that said exchange of property be rescinded and that said two notes be returned to him, all of which the said Randleman refused to do, to plaintiff's damage in the sum of $2,000; that on said last-named date plaintiff demanded of the defendant Vernon the return of the two notes to him hereinbefore described, which the said Vernon refused to do, to plaintiff's damage in the sum of $300. There is a prayer for the cancellation of the deed and for writ of possession, and that the defendant Vernon be directed to turn over to Randleman the deed executed by Randleman to him and for judg-

ment against the said Vernon for $300 and interest. The prayer is further for rents and damages to the Spur property, and for costs of suit.

The defendant Vernon answered by general and special exceptions, by general denial, and specially that the deed from plaintiff to defendant Randleman was placed in the defendant Vernon's hands, together with the notes, with instructions that, when defendant Randleman procured certain papers necessary to complete his record of title to said land in New Mexico, and tendered them to the said Vernon, then the said Vernon was to turn over to the said Randleman the deed and notes, and said Randleman did procure and tender to the defendant all of said papers, in accordance with the instructions, whereupon the defendant Vernon was compelled under said instructions to deliver the deed and notes to the said Randleman; that one of said notes, to wit, the $50 note referred to in plaintiff's original petition, was paid by the plaintiff long after said papers were turned over to the said Randleman, and that said payment was voluntarily made; that the possession of the said $250 note by the said Randleman was never questioned by plaintiff, nor was his right to collect the same ever questioned by plaintiff, up to the time the note was collected, which was long after said papers were delivered by Vernon to Randleman, and long after the land had been inspected by plaintiff, and long after plaintiff had returned to Dickens county after inspecting the said land in New Mexico. The defendant Vernon, by cross-action, seeks to recover of Randleman and his sureties upon an idemnity bond, alleged to have been given Vernon to indemnify him "against all costs, charges, damages, and suits that might be incurred by the said Vernon by reason of the delivery of said papers." The amount sought to be recovered on this bond is $100 attorneys' fees and costs, to which he might be subjected in this suit.

The defendant Randleman answered the petition by general and special exceptions and general denial, and alleged that plaintiff and defendant each by said written contract of exchange agreed that, in the event either party failed from any cause to comply with the contract, such party failing should forfeit to the other party the sum of $50, and that each party had made his personal check payable to the other party, in the sum of $50, and placed said contract and checks in escrow with the Spur National Bank, with instructions to said bank that, in the event either party failed to comply with the terms of said contract, the said bank was to pay each of said checks to the other party. The answer further sets up the fact of the execution of the two deeds and notes and their deposit with J. F. Vernon; that plaintiff, at the time he made and executed his deed to defendant, stated that he did not claim the

Spur property as his home, and that he owned other and different land which he claimed as his home, and that it was not necessary for his wife to execute said conveyance; that plaintiff immediately after the execution of said deeds, with his wife, moved all of their household and kitchen furniture and other personal effects from the property in Spur to the 160-acre home in the state of New Mexico; that he demanded of the defendant Randleman, before leaving for New Mexico, a certificate and order, showing that Randleman had sold his 160 acres in New Mexico to Cargile; that Cargile and his wife had abandoned their home, if such it was, in Spur, Tex., with the then intention of never returning and using it as a home, with the fixed intention of permanently abandoning the same; that, as part of the consideration for the Spur property, the defendant Randleman had assumed the payment of two-thirds of a vendor's lien note due on the Spur property, and on December 8, 1912, had paid the interest then due on the same; that long after they had returned from New Mexico, and nearly one year after they had abandoned their home in Spur, being fully acquainted with all the conditions regarding their trade, and without protest or objection, they voluntarily paid to the defendant the balance of the purchase price for the 160 acres in New Mexico, thereby ratifying and confirming the sale.

The defendant Randleman demurred generally to the cross-action of the defendant Vernon and specially excepted because the pleadings of the said Vernon showed that the defendants Randleman and his sureties bound themselves to Vernon in the sum of $1,000, conditioned that Randleman would well and sufficiently indemnify and keep said Vernon harmless from all costs, charges, and damages, etc., and because said cross-action failed to show that Randleman had failed to do so, and showed no equitable or legal reason for the employment of an attorney before said bond had been breached, and because the cross-action failed to show that any fixed amount had been ascertained or adjudged against Vernon as damages by reason of his having delivered the papers to Randleman, and further failed to show that defendant Randleman and his sureties on the indemnity bond had failed or refused to comply with the same, or that they were insolvent and unable to do so.

The court instructed the jury peremptorily to find for the plaintiffs as prayed for in their petition and for the defendant Vernon, and judgment was rendered accordingly.

Under several assignments the propriety of the peremptory instruction is challenged. The statement of facts shows that testimony was introduced upon practically all of the issues raised by the pleadings of the parties, and we are at a loss to know upon what theory the court took the case away from the jury and instructed a verdict.

[1] Abandonment of a homestead is a question of intention and, under the facts of this case, should have been submitted to the jury. Bowman v. Watson, 66 Tex. 295, 1 S. W. 273; Scheuber v. Ballow, 64 Tex. 166.

[2] The question of estoppel to claim the homestead is also one of fact to be submitted to the jury. Equitable Mortgage Co. v. Norton, 71 Tex. 683, 10 S. W. 301; Haswell v. Forbes, 8 Tex. Civ. App. 82, 27 S. W. 566; Moore v. Price, 46 Tex. Civ. App. 304, 103 S. W. 234. There is a further serious question raised by the pleadings and evidence, and that is as to the right of the plaintiffs to rescind on account of fraud and misrepresentation, and whether or not that right had been waived by the doing of certain things which might be taken as a confirmation of the contract. Burke-Mobray v. Ellis, 44 Tex. Civ. App. 21, 97 S. W. 321; Cooper v. Lee, 75 Tex. 114, 12 S. W. 483; Texas, etc., Ry. v. Jowers, 110 S. W. 946; Dawson v. Sparks, 1 Posey, Unrep. Cas. 735; Phillips v. Herndon, 78 Tex. 384, 14 S. W. 857, 22 Am. St. Rep. 59; Grabenheimer v. Blum, 63 Tex. 369; Carlock v. Sweeney, 82 S. W. 469.

[3] If the plaintiffs removed from their Spur homestead after the execution of the deed by D. S. Cargile alone, with the fixed intention never again to return to and use it as a home, they must be held to have abandoned it, whether another home has since been acquired or not. This question of fact should have been submitted to the jury (Republic G. & S. Co. v. William Cameron, 143 S. W. 317 [writ of error denied by Supreme Court]), and the deed by the husband previously executed became effective (Marler v. Handy, 88 Tex. 421, 31 S. W. 636; Shields v. Aultman, 20 Tex. Civ. App. 345, 50 S. W. 222; Anderson v. Carter, 29 Tex. Civ. App. 240, 69 S. W. 80; C. & U. S. Mortgage Co. v. Thetford, 27 Tex. Civ. App. 152, 66 S. W. 104).

Because the court failed to submit the questions of fact to the jury and peremptorily instructed a verdict for appellees, the judgment is reversed, and the cause remanded.