COX et al. v. KEARBY. (No. 8128.)

(Court of Civil Appeals of Texas. Ft. Worth. March 13, 1915. On Motion for Rehearing, April 17, 1915.)

1. MORTGAGES ⟐38—ABSOLUTE DEED—EVIDENCE.

Evidence *held* to sustain a finding that a deed by a husband and wife, though absolute in form, was intended as a mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 108–111; Dec. Dig. ⟐38.]

2. VENDOR AND PURCHASER ⟐244 — ABSOLUTE DEED AS MORTGAGE—NOTICE.

Grantees in a deed *held*, under the evidence, to have notice that the grantor had title under a deed from a husband and wife absolute in form, but intended as a mortgage.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 609–611; Dec. Dig. ⟐244.]

3. JUDGMENT ⟐787 — LIEN — CONSTRUCTIVE NOTICE.

A judgment creditor has constructive notice of whatever rights prior purchasers from the debtor have, where the property is in possession of tenants who attorn to such purchasers.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1361, 1363–1367; Dec. Dig. ⟐787.]

4. JUDGMENT ⟐787—LIEN—PRIORITY—CONVEYANCES.

As against a judgment creditor, grantees in a deed from the debtor, absolute in form, but intended as a mortgage, who, at the instance and for the benefit of the grantor, conveyed the land prior to the attaching of the creditor's lien, divests the title out of the debtor.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1361, 1363–1367; Dec. Dig. ⟐787.]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Suit by J. P. Kearby against L. B. Cox and others. From a decree for complainant, certain defendants appeal. Reversed and rendered.

Smith & Palmer, of Comanche, for appellants. Goodson & Goodson and Kearby & Kearby, all of Comanche, for appellee.

BUCK, J. This suit was filed in the district court of Comanche county by plaintiff, J. P. Kearby, against J. G. Daniel and wife, L. B. Cox, and H. H. Stephenson, April 3, 1914. Plaintiff alleged the abstracting of two justice court judgments recovered by him, one in the principal sum of $121.60, abstracted March 6, 1914, and the other in the principal sum of $123.83, abstracted March 28, 1914, both judgments being against defendant J. G. Daniel.

It was further alleged that said judgments

were, and upon the abstracting thereof became, a valid and subsisting judgment lien in favor of plaintiff upon certain described real estate owned by J. G. Daniel and situated in the town of Gustine, Comanche county, said property being alleged to be no part of the homestead of said J. G. Daniel, and that, if it ever was a business homestead of said defendant Daniel, it ceased so to be, and became subject to the judgment lien aforesaid because of the abandonment as such business homestead by said Daniel prior to January 1, 1914. Plaintiff further alleged that L. B. Cox was claiming to own said property and H. H. Stephenson was claiming to own two vendor's lien notes against said property in the sum of $250, each, said two claims being predicated upon a purported deed of conveyance of said property by J. P. Pettit & Co., a firm composed of J. P. and J. A. Pettit, said deed being executed about April 30, 1913, by said J. P. Pettit & Co. to said Cox and Stephenson, and a further purported deed of conveyance of said property by said Cox to said Stephenson, on or about January, 1914, wherein said Stephenson conveyed his interest therein to said defendant Cox, the two notes mentioned above being a part of the alleged consideration, and that neither of said deeds had ever been filed for record. Plaintiff further alleged that he had no knowledge or notice of the existence of either of said conveyances until long subsequent to the filing and recording of his said abstracts of judgment, and that, by virtue of the facts set forth, he was entitled to a foreclosure of said judgment lien as against said property and all of said defendants without regard to whether said two conveyances from J. P. Pettit & Co. to Cox and Stephenson and from Cox to Stephenson existed in fact or not, and that he was entitled to a decree canceling said deeds, if any, in so far as his rights were concerned, for which he prayed. He further pleaded, in the alternative, that the purported conveyance of said property by J. G. Daniel to J. P. Pettit & Co. was not a deed, as it purported to be, but, in truth and in fact, was but a mortgage, and was given for the purpose of securing the said J. P. Pettit & Co. in a loan to the said J. G. Daniel, and that at the time of the execution of said purported conveyance from Daniel to J. P. Pettit & Co. said property was the business homestead of said defendant Daniel, and that such mortgage was wholly void and inoperative to pass any title whatever out of the said J. G. Daniel, and that said defendants Cox and Stephenson had full notice and knowledge of the true facts relative to said purported conveyance by Daniel to the said J. P. Pettit & Co., and had actual and constructive notice that the same was a mortgage, and that the property was the homestead of the defendant J. G. Daniel, and that the purported deed, if any, of said J. P. Pettit & Co. to

Cox and Stephenson and the said purported deed from Stephenson to Cox conveyed no title whatever, and that the alleged vendor's lien notes were wholly void and invalid as to the plaintiff, and that said conveyances, and each of them, were made for the purpose of placing the property of the said J. G. Daniel beyond the reach of his creditors, and were given with the intent to delay, hinder, and defraud the creditors of said J. G. Daniel, and to cover up said property so that the same could not be reached by the creditors of said Daniel, and that at the time of the conveyance from J. P. Pettit & Co. to Stephenson and Cox, and that at all times since then, the plaintiff had been a creditor of said defendant Daniel, evidenced by the two notes upon which said two judgments aforesaid were founded, and that each of said defendants had notice of the fraud rendering void the title of such bank and of those claiming under and by virtue of such purported conveyance to the bank, and that at the time of such conveyance the said defendant J. G. Daniel was insolvent, and had no other property subject to execution sufficient to pay his debts.

In answer to plaintiff's petition, the defendants Cox and Stephenson, after general denial and general demurrer, and after denying that judgment of plaintiff constituted a valid and subsisting judgment lien against the property described, alleged that the conveyance by J. P. Pettit & Co. to Cox and Stephenson was made at the instance and request of J. G. Daniel, and that said J. P. Pettit & Co. conveyed whatever interest said J. G. Daniel and wife had in said property at the time of said conveyance, whether said conveyance from J. G. Daniel and wife to said J. P. Pettit & Co. was intended and was, in fact, a mortgage, or was a conditional sale, subject only to the right on the part of J. G. Daniel and wife of repurchase; that said conveyance by J. G. Daniel to J. P. Pettit & Co. on its face purported to be a regular warranty deed, and, if there were any facts existing which made said deed null and void, the defendants Cox and Stephenson were ignorant of the existence of the same, and bought the property in good faith, and that at the time of the conveyance by J. P. Pettit & Co. to defendants Cox and Stephenson the property in question was not the business homestead of the defendant Daniel, and that said J. P. Pettit & Co. conveyed said property to the defendants Cox and Stephenson as the agent of said J. G. Daniel. They denied that said Daniel made the conveyance to J. P. Pettit & Co., and through them to Cox and Stephenson, for the purpose of defrauding his creditors, but, on the contrary, for the purpose of paying his creditors, and they further denied that at the time of the last-named conveyance said Daniel was insolvent, or that they had any notice of his insolvency, if he was insolvent. They

further denied that at the time of the filing of said purported abstracts of judgment by the plaintiff the defendant Daniel had any legal or equitable title to said property to which said purported lien could attach, whereupon they prayed judgment.

The case was tried before the court without the intervention of a jury, and judgment was given for plaintiff, fixing and decreeing the lien claimed by plaintiff against said property against all of the said defendants for the aggregate amount of said two judgments, to wit, $250.93, as such lien existed on the 28th day of March, 1914, and canceling and annulling all homestead claims on the part of J. G. Daniel and wife against and to said property, from which judgment H. H. Stephenson and L. B. Cox have appealed. J. G. Daniel and wife made no appearance in the trial court.

The evidence established the following facts not included in the findings of fact filed by the court, to wit: That the judgments in favor of the plaintiff were based upon two notes executed by J. G. Daniel to plaintiff, and that said two judgments were filed for record in the judgment record of Comanche county, the first on March 6, 1914, and the second on February 28, 1914; that the instruments of conveyance from J. G. Daniel and wife to J. P. Pettit & Co. were for the purpose of securing said J. P. Pettit & Co., bankers, in the payment of certain indebtedness due by said J. G. Daniel to said bankers, amounting to about $175 or $200; that at the time of the conveyance to Cox and Stephenson said Daniel, who was a doctor, was indebted for a fine to Comanche county in the sum of $385, and to various other parties in sundry amounts, aggregating within $140 of the purchase price claimed to have been paid by Cox and Stephenson, to wit, $1,200, all of which debts were assumed by Cox and Stephenson; that said Dr. Daniel had gone through bankruptcy proceedings, and had this property which was used as a drug store and occupied in part by Duke & Co., and also as an office for said Dr. Daniel, set apart to him as a business homestead; that the license of Dr. Daniel was forfeited by a judgment of the district court of Comanche county on November 4, 1912; that neither the deed from J. P. Pettit & Co. to Cox and Stephenson nor the one from Stephenson to Cox conveying a one-half undivided interest had been recorded at the time of the trial, though the instrument of conveyance from Daniel and wife to J. P. Pettit & Co., dated April 18, 1912, was filed for record the 15th day of July, 1912. The deed from Pettit & Co. to Cox and Stephenson was dated April 30, 1913, and that from Stephenson to Cox was dated January 19, 1914. The court filed its findings of fact and conclusions of law as follows:

"I find that the instrument in writing exhibited in evidence, and executed by J. G. Daniel and wife to the bank at Gustine, while in form of a deed, was, in truth and in fact, a mortgage, and such was the intention of the parties thereto, and that the defendants had actual notice of the intention of the parties to the transaction and its real character at the time they took the deed from the bank to the property in question.

"(2) I find that the bank in question did not act as Daniel's agent in making the deed to the defendants Cox and Stephenson, but that such deed was made by the bank because the parties erroneously assumed that the bank was the proper vendor, and that its conveyance would invest title in defendants.

"(3) I find that at the time of the transaction between Daniel and the bank the property in question was the business homestead of Daniel, and that it continued to be his business homestead up until the date his license to practice medicine was canceled, which was prior to the sale of the property to Cox and Stephenson, and that on the date of the last-named transaction the property was not Daniel's business homestead.

"(4) I find that Cox and Stephenson did not record the deed from the bank to them prior to the institution of this suit, and that Daniel did not execute any deed to them before this suit was filed, though he did so on the day of the trial, and the same was exhibited in evidence, but that the plaintiff had no notice, actual or constructive, of the defendants' rights or the nature of their dealings with the bank or Daniel at the time he recovered and abstracted his judgments in question, and that he did not have such notice at the time this suit was filed, unless the fact that the tenant under Daniel, who continued to be their tenant after the transaction with Daniel, paid rent to them, instead of Daniel, after said transaction, was sufficient to affect him with notice. In this connection I find that Daniel was in possession up until the transaction with the defendants was had by tenant, and that the same tenant continued in possession of the property after the deal with Daniel, and paid rents to the defendants Cox and Stephenson. I find that the deal between Daniel and the other defendants was in parol, and no memoranda in writing was made thereof.

"(5) I find that there was no actual fraud in the transaction between Daniel and the defendants Cox and Stephenson, and no constructive fraud, unless it be in the fact that the portion of the consideration that was to be paid by Cox, Daniel's son-in-law, was the assumption to pay debts due by Daniel for which Cox was already liable as a surety for Daniel. As to the portion of the debts which Stephenson agreed to pay, he was not previously liable therefor. The effect of the transaction was to make Cox a preferred creditor of Daniel, and to deny the plaintiff participation in the proceeds of the sale of the property in question along with Daniel's other creditors.

"Conclusions of Law.

"I find that the deed of Daniel and his wife to the bank was intended by the parties to be a security for debt, and that it was only in effect a mortgage, the property therein contained being a business homestead of Daniel, all of which was well known to Cox and Stephenson, and that therefore the same was void.

"(2) I find that, by reason of all the facts in this case, title to the land in controversy had never passed out of Daniel prior to the date of the deed executed by him during the trial of this case, and that prior thereto plaintiff's judgment lien had attached to the property, and that he is entitled to have the same foreclosed. In this connection I desire to observe, that I do not give any effect to the bank's deed to the defendants, for the reason that, the transaction between said bank and Daniel, being void, said bank had no title it could convey to another. It could convey no greater title than it had, and, having no title, it could convey none. The fa-

miliar axiom 'that a fountain can rise no higher than its source' seems to me to be applicable here. I further find that, by reason of all the facts in this case, the defendants were not in a position to enforce specific performance of their contract with Daniel prior to the filing of this suit; the same not being in writing, and no improvements on the property being alleged nor proven, and it not being answered that Daniel was insolvent.

"(3) For all the reasons above stated, judgment will be rendered in favor of the plaintiff as prayed for in his petition."

The assignments of error urged by appellants are directed against the correctness of such findings and conclusions.

The theory upon which plaintiff sought a judgment fixing his lien and decreeing the sale of said property to satisfy his judgments was that the purported conveyance by Dr. Daniel and wife to J. P. Pettit & Co. was void, because at the time of such conveyance said property was, in fact, used by· said Dr. Daniel as a business homestead, and that thereby no title or interest in and to said property was conveyed out of said Dr. Daniel and wife, nor was any vested in said J.· P. Pettit & Co. which they could convey to Cox and Stephenson, and that, since the instruments of conveyance to Cox and Stephenson and from Stephenson to Cox were not of record, they constituted no notice to the plaintiff of any such attempted conveyance, and that he, in fact, had no notice, either actual or constructive, of such attempted conveyance prior to the abstracting of his judgments, and that thereupon his lien became fixed as against said property.

The theory of the defendants was: (1) That the conveyance by Dr. Daniel and wife to J. P. Pettit & Co. was not a mortgage or deed of trust, but was a conditional sale, and, as such, conveyed whatever title the grantors had in the property to the grantee; and (2) that, if such instrument be held as a deed of trust or mortgage, thereupon J. P. Pettit & Co. became the agent and representative of J. G. Daniel and wife for the further conveyance of said property to Cox and Stephenson, and that in executing said conveyance as such agent and representative, and at the instance and request of Dr. Daniel and wife, said banking firm conveyed all of the title and interest that was held either by J. P. Pettit & Co. or Dr. Daniel and wife, and that, since said Cox and Stephenson had no notice of the existence of the indebtedness by said Dr. Daniel to the plaintiff prior to the abstracting of his judgments, said last-named grantees took all the title to said property free of any valid claim or lien that could be enforced by said plaintiff.

[1-3] We think the facts sufficiently sustain the findings of the court to the effect that the instrument of conveyance by J. G. Daniel and wife to J. P. Pettit & Co. was, in truth and in fact, a mortgage, and such was the intention of the parties thereto, and that the defendants Cox and Stephenson had actual notice of the intention of the parties to the transaction and the real character of said transaction at the time they took the deed from the bank to the property in question. The evidence shows without controversy that upon the execution of the conveyance by J. P. Pettit & Co. to Cox and Stephenson the ·Duke Drug Company, which was occupying the main portion of the building, paid rent to said Cox and Stephenson, and that said Cox and Stephenson had possession of said property thereafter and by their tenant, who attorned to them, and that said Duke Drug Company was in possession of said building as tenants of Cox and Stephenson first, and later of Cox, up to a short time before the trial. Therefore it should be said that it is established without controversy that the plaintiff had constructive notice of the possession of said Cox and Stephenson of the premises in controversy through the tenant, and of whatever right in the property Cox and Stephenson, in fact, had. Collum v. Sanger Bros., 98 Tex. 162, 82 S. W. 459, 83 S. W. 184; Mainwarring v. Templeman, 51 Tex. 205; Watkins v. Edwards, 23 Tex. 443; Woodson v. Collin & Douglass, 56 Tex. 168.

[4] The questions, then, for our consideration in the face of the uncontroverted testimony and the facts found by the court are: (1) Did the conveyance by Dr. J. G. Daniel and wife to the bank, whether such conveyance be intended as a mortgage or conditional sale, divest the title out of said Dr. Daniel and wife? (2) If it did not divest the title out of Dr. Daniel and wife, did the subsequent conveyance by the bank to Cox and Stephenson, made at the instance and request of said Dr. Daniel, divest title out of said Dr. Daniel and wife?

In answer to the questions suggested, we think that the facts amply sustain the finding of the court below that the conveyance by Dr. Daniel and wife to the bank was, and was intended to be by the parties to the transaction, a mortgage; hence it did not divest the actual title out of Dr. Daniel and wife. But said banking firm, J. P. Pettit & Co., did have the paper title, and, as such holder, might be said to hold such title as the trustee of Dr. Daniel and wife. The subsequent conveyance by the bank, prior to the attachment of plaintiff's judgment lien, if any, made at the instance of Dr. Daniel, and for his benefit, conveyed, at least by way of estoppel, whatever title or equity he had in the property, and, the court having found that the property was not the business homestead of Dr. Daniel at the time, it divested the title out of Dr. Daniel, despite the mortgage character of the previous conveyance to the bank. See Marler v. Handy, 88 Tex. 421, 31 S. W. 636; Irion v. Mills, 41 Tex. 310; and the recent case of Randleman v. Cargile et al., 163 S. W. 350.

Therefore we hold that the cause should be reversed, and here rendered in favor of Cox for the title and possession of the prop-

erty, and in favor of Stephenson establishing the superiority of his vendor's lien over plaintiff's judgment lien.

### On Motion for Rehearing.

In O'Neal v. Bush & Tillar, 173 S. W. 869, the Supreme Court holds that one in whom vests the legal title may pass the equitable title held by another, with the latter's consent, by conveyance of his own legal title. Likewise we think that one who holds the record or paper title, though the instrument by which he purports to so hold is inoperative to vest the real or equitable title in him and divest the title out of his apparent grantor, may, by a conveyance of his apparent title, made with the consent and for the benefit of his grantor, who holds the real or equitable title, divest the title out of his grantor.

Upon the question of constructive notice of title or claim to title arising by virtue of possession by tenant, even though there has been no change in tenant after the execution of the instrument of conveyance by which the holder of possession claims, see Duncan v. Matula, 26 S. W. 638; Mattfeld v. Huntington, 17 Tex. Civ. App. 716, 43 S. W. 53; Smith v. James, 22 Tex. Civ. App. 154, 54 S. W. 41.

Appellee's motion for rehearing is overruled.