### J. L. IRION V. MILLS AND HALBERT ET AL.

1. INTERVENTION.—An administrator on the estate of one who had conveyed his homestead by deed, in which the wife had not joined, has no right to intervene in a suit between third parties claiming the land, and to assert the invalidity of the deed.

2. ESTOPPEL—HOMESTEAD.—While a conveyance by the husband of the homestead, to which the wife was not a party, is inoperative to convey her homestead right, it estops the administrator of the deceased husband from asserting title as against those claiming under it.

3. PLEADING—FRAUD.—When fraud is not charged in the pleadings, it can never be considered on the trial.

4. VOLUNTARY CONVEYANCE.—A deed from one to another for whose wife the grantor held funds in trust for which he had not accounted, and which was made to satisfy the trust, cannot be regarded as a voluntary conveyance, and fraudulent as to other creditors to whom the grantor was at the time indebted.

APPEAL from Navarro county.    Tried below before the Hon. F. P. Wood.

This was an action of trespass to try title, brought by Mills & Halbert against Irion and others, to recover a tract of land in Navarro county, to which both parties claimed title under Henry Griggs, in whom they agreed the title was vested prior to 1863.    To show title in themselves, Mills & Halbert gave in evidence—

1. Judgment of Bonner against Griggs, rendered by the District Court of Navarro county April 27, 1866, on a note for ten thousand dollars, dated July 3, 1860, and due January 1, 1861, which was given in payment of a number of tracts of land which were ordered to be sold by said judgment in satisfaction of the vendor's lien.    The land in controversy was not one of those for which this note was given.

2. Copies of order of sale, and action under it, showing a sale of all the lands included in the order of sale.

3. Deed of constable for the land in controversy, in pur-

suance of sale under execution for balance due on judgment on the first Tuesday in June, 1868.

Irion gave in evidence—

1. Deed from Henry Griggs to himself, executed May 29, 1863. The consideration expressed in this deed was "five dollars to me in hand paid by the said Irion, and the further consideration of regard, esteem, and good will, because of his, said Irion, being my son-in-law." The declarations of Griggs were in evidence to the effect that he was making this deed to "reimburse Irion in part for funds used by him (Griggs) of the property of Griggs' wife, to which the wife of Irion was entitled as one of her children."

2. Transcript of a record of the Superior Court of Hancock county, Georgia, from which, with other testimony, it was shown that said Griggs married the daughter of one Sturdevant, a man of large wealth, under whose will, in connection with the proceedings in said court subsequent to his death, it was shown that said Griggs became the the trustee for, and as such came into the possession of some twenty-five or thirty slaves and about five thousand dollars in money, in which Mrs. Griggs was entitled to an estate for life, with remainder to her children. There was evidence that about the year 1845 or 1846 Griggs brought said property, by virtue of his possession thereof as trustee for his wife and children, to Texas, and settled in Grimes county, and with a part of the trust estate purchased a plantation in Grimes county. The deed evidencing this purchase was recorded in Grimes county in February, 1858. It was also proved that Griggs owned, when he came to Texas, but little property in his own right; that the Grimes county place was sold for twenty-five thousand dollars, and from the proceeds of that sale the land in controversy in this suit was purchased; that at the time of the conveyance to Irion, Griggs was considered solvent. All the debts which he seems to have owed were secured

by vendor's liens upon the lands for which they were contracted. The deed to Irion was made in part satisfaction of the interest of his wife in the trust estate placed in Griggs' hands by the decree of the court in the State of Georgia; other property having been conveyed by him to his other children for like purpose.

On the part of Lockhart, administrator of Griggs, it was shown—

1. That the homestead of Griggs and wife was on the land at the time it was conveyed to Irion. The deed was not signed by Mrs. Griggs, and they continued to live upon the land up to and at the time it was sold under execution to Mills & Halbert; that Mrs. Griggs died before her husband, who died in 1871; that their children were at that time all grown and married, and had homesteads of their own.

Lockhart, though an original defendant, asked to intervene, and claimed, as administrator of Henry Griggs, two hundred acres, including the improvements, as subject to administration.

The exceptions of Irion to his petition were overruled. On the trial Irion proffered, in further proof that this land was part of the trust estate, and was purchased with the proceeds of the trust fund, to give in evidence the declarations and admissions of Griggs previous to his removal from Grimes county. He offered to show the facts in relation to the trust estate, and the changes in its investment from time to time since it had been brought to the State, by frequent conversations with and the declarations and admissions in respect thereto by the various members of the family of Griggs; all which were refused by the court.

A jury was waived, the cause submitted to the court, and a judgment rendered for Mills & Halbert for all the land except two hundred acres, including the homestead. For this two hundred acres judgment was rendered in favor of Lockhart, administrator and intervenor.

The errors assigned are:

1. Overruling objections to petition of Lockhart as intervenor.

2. Sustaining objections to testimony offered by appellant.

3. In rendering judgment in favor of plaintiffs and intervenor.

*Baldwin S. Moore*, for appellant.

*Simpkins & Simpkins*, for intervenor.

*Prendergast & Croft*, for appellees, insisted that the conveyance from Griggs to Irion was a voluntary conveyance, and fraudulent as to creditors, Griggs being indebted at the time of the conveyance—citing 1 Smith's Lead. Cases, 43, sec. 3; Ib., 52, 53, 54; 2 Ib., 57; Rob. on Fraud. Conv., 13–28, 558; 1 Story's Eq. Jur., secs. 358, 362; Raymond *v.* Cook, 31 Tex., 375; Cooke *v.* Bremond, 27 Tex., 457; Bump on Fraud. Conv., 288–291.

Devine, Associate Justice.—The appellees, Mills and Halbert, brought suit, by an action of trespass to try title, for the recovery of one thousand and fifty-five acres of land from John L. Irion, Lockhart, and others.

Appellant, Irion, after a general denial, set out in his original and amended answers that the land in suit was conveyed to him in May, 1863, by Henry Griggs, the owner of the same, in satisfaction of a trust fund held by Griggs, as trustee for the wife of defendant, Irion, she being the daughter of Henry and Nancy Griggs.

Defendant, Lockhart, as administrator of Henry Griggs, denied all and singular the allegations in plaintiff's petition, and intervened, claiming two hundred acres of the land, with the improvements, as the homestead of Henry and Nancy Griggs at the time the deed in favor of Irion was executed, and asserting that, as Nancy Griggs had not

joined her husband in the deed of transfer, the same was null and void, and prayed a decree in his favor, as administrator of Henry Griggs, for two hundred acres, with the improvements, there being no member of the family residing on or claiming or entitled to it as a homestead.

A jury was waived, the cause submitted to the court, and a judgment rendered declaring the deed from Henry Griggs of 29th of May, 1863, as "fraudulent and void," vesting the title to the land in Mills & Halbert, and reserving out of the tract a homestead exemption of two hundred acres, with improvements, which were adjudged to Lockhart, as the administrator of Henry Griggs, for the payment of debts, if any existed, or in distribution among the heirs, there being no "constituents of the family."

The defendant Irion's motion for a new trial being overruled, an appeal was taken, and the case is now presented on the exceptions taken at the trial, and errors assigned.

The first assignment of error is, "The court erred in overruling the exceptions of this defendant to the petition of said intervenor, L. C. Lockhart, administrator." The exception by defendant to the intervention of Lockhart should have been sustained. Lockhart, as the administrator of Henry Griggs, did not represent the estate of Nancy Griggs, and should not have been heard in his assertion of a supposed right remaining in her estate; and if such right really existed, his demand that it be adjudged to him, as the administrator of Henry Grigg's estate, ought not to be received. His intervention should have been dismissed on exceptions of defendant. There was nothing in his petition that gave color even to an assertion that he represented either the heirs, creditors, or legatees of Nancy Griggs.

As the administrator of Henry Griggs, he could not claim any more than his intestate in the two hundred acre homestead exemption, and Griggs could not assert any claim beyond his right to occupy it during his life; his

heirs were bound by his warranty in the deed executed by him.

The administrator intervened, and the court acted on the belief that, as Nancy, the wife of Henry Griggs, had not signed the deed of conveyance to appellant, the conveyance by the husband alone was a nullity, and could not bar those claiming under her. While this conveyance was inoperative to divest Mrs. Griggs of her homestead right, her interest after her death vested in her husband; that it was otherwise with the interest of the husband, or those claiming under him; and his conveyance estopped his administrator from a recovery. (See Gould *v.* West, 32 Tex., 352, and cases there cited.) And the deed being void as to any interest of the wife, could not affect the conveyance by the husband. "But if the deed is void only against one of two grantors, but not as to the other, as in the case of a deed of the wife's land by husband and wife, with defective privy examination, the deed will be effectual as an estoppel on the grantor, as to whom it was valid, though not as to the other." (Bigelow on Estoppel, 285, 286.)

There was error in the court not dismissing the intervention of the administrator, L. C. Lockhart.

The second assignment of error, that the court erred in sustaining objections of plaintiff to the five several questions propounded to the witness Andrews, is not fully sustained by the evidence; while the objection that the evidence sought was hearsay is not fully supported by an examination of it, in connection with other evidence and the character of the defense. The questions put by defendant to witness, with the exception of the first, were open to the objection of being of a vague and indefinite character. The substance of this evidence was, however, allowed to be introduced during the trial.

The third assignment of error is: "The court erred in rendering said judgment herein, the same being contrary to law and the evidence." An examination of the evidence

in the transcript shows that, 1st. Henry Griggs was admitted to be the owner of the land at the time he conveyed it to appellant, Irion, May 29, 1863. 2d. That William Bonner obtained a judgment against Henry Griggs in April, 1866, and a decree ordering a sale of certain lands to satisfy the vendor's lien. 3d. That the sale of these lands on which the vendor's lien rested, not satisfying Bonner's debt, an execution was levied on the thousand and fifty-five acres in controversy, and sold to plaintiffs for two hundred and fifty dollars, on the 2d of July, 1868. 4th. The evidence shows that the deed from Griggs to Irion was recorded in Navarro county nearly two years before the execution was levied. 5th. The record from Hancock county, Georgia, shows that John Sturdevant, the grandfather of appellant's wife, left by will one-third of his estate for life to his daughter, Mrs. Nancy Griggs, with remainder over to her children; that Henry Griggs was authorized to sell property belonging to his wife and children in Georgia, to be invested in land and negroes for their benefit; that he was appointed by the proper court in Hancock county, Georgia, to act as the trustee of his wife and children; that in pursuance of the order of the chancery court, he gave bond, received in money and negroes the one-third of his father-in-law's estate, and removed to Texas with his family, some money, and twenty-five or thirty negroes belonging to his wife and children; that Henry Griggs, at the time of his removal to Texas, was a man of limited means; that he afterwards purchased about six thousand dollars' worth of land in Grimes county, which was subsequently sold by him for twenty-five thousand dollars, and a portion of the proceeds invested in the land in suit. 7th. That the debts against Griggs at the time of the conveyance to defendant were as follows: One to William Bonner, secured by the vendor's lien on the property purchased by him; also a debt to Dagget and wife, for about fifteen hundred and twenty dollars, likewise secured by a lien on

land; and another debt of about twenty-five hundred dollars. 8th. That there were in the family twenty-five or thirty negroes, down to the "break-up" or close of the war; that there was due to Griggs about twenty-five thousand dollars when the deed to the land was executed, and that Griggs collected the whole of it. Another witness stated he knew of Griggs collecting ten thousand dollars, but did not know what he used it for. 9th. Griggs was shown to be solvent when the transfer to Irion was executed.

These facts show that if the question of fraud could have been presented, it was not raised by the pleadings, and could not form the basis, as in this case, of the judgment, it not having been alleged in the pleadings or shown by the evidence. This conveyance was not, however, and cannot be considered as a voluntary conveyance from Griggs to Irion. Irion's wife, on the death of her mother, Nancy Griggs, was entitled, under the will of John Sturdevant, to a child's portion of the property in which her mother had but a life interest, and which was represented and controlled by her father, as trustee for his wife and children. He had already, in payment of their claims, given three negroes and a tract of land to his other children. Mrs. Irion did not receive this (or her husband for her) as a gift; she received it as a creditor of Henry Griggs, and a creditor having as legal and a far more equitable right to a conveyance from him than his other creditors. There was no judgment against him at the time. There was no lien or incumbrance upon the land, save the equitable right of Mrs. Irion to claim the land as property purchased by the trustee, and paid for from the proceeds of her grandfather's estate, and to which, as one of the devisees under the will, she was entitled. The plaintiffs in this suit were notified by the record of the deed to appellant, and by appellant's attorney, before the sale, that it was the property of Irion. The authorities in support of the proposition that a debtor can give a preference to one

creditor over others are numerous and conclusive. (Mc-Quinnay *v.* Hitchcock, 8 Tex., 35; Edrington *v.* Rogers, 15 Tex., 195; Hancock *v.* Horan, 15 Tex., 507; Baldwin *v.* Peet, 22 Tex., 716.) The judgment of the court, not being warranted by the law and facts of the case, is reversed and the cause remanded.

REVERSED AND REMANDED.