CHARLES H. DENNISON *et al.*

*v.*

THE COUNTY COMMISSIONERS OF WILLIAMSON COUNTY.

*Filed at Ottawa November 27, 1894.*

TAXES—*return of property to assessor binding.* A tax-payer is bound by his voluntary return of personal property to a town assessor, and the county board, in the absence of fraud, accident or mistake, may refuse relief therefrom. *People* v. *Atkinson*, 103 Ill. 45, followed.

Heard on certification from the Auditor of Public Accounts of the State of Illinois, on appeal to said Auditor from the decision of the board of county commissioners of Williamson county.

Messrs. CLEMENS & WARDER, for the appellants:

It is contrary to the fundamental principles of taxation that the same property shall be twice charged for the same tax. Cooley on Taxation, 165.

United States treasury certificates or obligations can not be taxed. Rev. Stat. of U. S. 1873-74, art. 42, sec. 3701, p. 736; 1 Kent's Com. (13th ed.) 425; Cooley on Taxation, 57, 58, note 3; Cooley on Const. Lim. 601-603.

Mr. MAURICE T. MOLONEY, Attorney General, Mr. T. J. SCOFIELD, and Mr. M. L. NEWELL, for the appellees:

We contend that the bankers, having deliberately made a sworn statement, are bound by it. Cooley on Taxation, 360; Welty's Law of Assessment, sec. 126, and note 4; Desty on Taxation, 454; *Insurance Co.* v. *Pollak,* 75 Ill. 292; *People* v. *Railroad Co.* 49 Cal. 414; *Mining Co.* v. *State,* 29 Hun, 81; *Express Co.* v. *St. Joseph,* 66 Mo. 675 ; *Kinsworthy* v. *Mitchell,* 21 Ark. 145 ; *Nalson* v. *Pierce,* 6 N. H. 194; *Hubbard* v. *Windsor,* 15 Mich. 146.

The tax-payer cannot complain of any mere irregularity in the action of the assessors, into which they have been led by an error or imperfection in his own list, not affecting his substantial rights. Cooley on Taxation, (1st ed.) 263.

A tax assessed against the person for personal estate is to be assessed to him at the place of his residence, because, in contemplation of law, his movable property accompanies him wherever he goes. Cooley on Taxation, (1st ed.) 269.

All personal estate, within and without the State, is taxable to the owner where he resides on the day appointed by law for the assessment. *Dallinger* v. *Rapello,* 14 Fed. Rep. 34; *Blackstone Manf. Co.* v. *Blackstone,* 13 Gray, 488 ; *Broeck* v.*Jersey City,* 44 N. J. L. 156 ; *Shippen* v. *Hardin,* 34 id. 79 ; *Force* v. *Williamson,* 33 id. 77; *Dwight* v. *Boston,* 12 Allen, 316 ; 1 Desty on Taxation, 322.

Mr. JUSTICE BAILEY delivered the opinion of the court :

This case comes to this court on certificate of the Auditor of Public Accounts. Charles H. Dennison and John H. Burnett, the appellants, own and manage two banks in Williamson county, one known as the Bank of Carterville and the other as the Bank of Marion. In May, 1894, the Bank of Carterville, by its cashier, made out and filed with the local assessor a list of its personal property, properly sworn to, in which was listed, under item of

"Money on hand or in transit," the sum of $9470.68; under item of "Funds in the hands of other banks, bankers, brokers and others, subject to draft," the sum of $5553.07; and under item of "The amount of checks or other cash items, the amount thereof not being included in either of the preceding items," the sum of $1176.50. The assessor, who, as it seems, undertook to assess the property of his district at forty per cent of its cash value, valued and assessed these three items at $6480. In like manner the Bank of Marion, by its book-keeper, made out and filed with the local assessor a list of its personal property, properly sworn to, in which was listed, under the item of "Money on hand or in transit," the sum of $11,673.20, and under the item of "Funds in hands of other banks, bankers, brokers or others, subject to draft," the sum of $13,869.59. These two items the assessor valued and assessed at $10,217.

These assessments being returned to the county board, the appellants appeared before the board at its session in July, 1894, and made application to have the assessments reduced, and in support of their application offered evidence tending to show that the item of $9470.68, "Money on hand or in transit," scheduled by the Carterville Bank, in fact included the sum of $4625 in United States treasury notes; that the item of $11,673.20, "Money on hand or in transit," scheduled by the Bank of Marion, contained $10,000 in United States treasury notes, and that the item of $13,869.59, "Funds in hands of other banks, bankers, brokers and others, subject to draft," contained the sum of $9923.31 on deposit in the St. Louis National Bank in St. Louis, in the State of Missouri. It is claimed that these United States treasury notes and the money deposited in bank in another State are exempt from taxation, and that the appellants are therefore entitled to have the items listed by them reduced by those amounts. On the hearing of their application, the county board held and decided that the appellants were not en-

titled to the reductions claimed, and so denied the application. From that decision the appellants appealed to the Auditor of Public Accounts, and the matter is now certified by the Auditor to this court for decision, as provided by statute.

It is not pretended that the appellants, in making out and filing with the assessor their schedule of the taxable property of their banks, failed to claim the exemptions now insisted upon as the result of any fraud, accident or mistake. On the contrary, it appears affirmatively, especially in respect to the list filed for the Bank of Marion, that the matter of these supposed exemptions was discussed among the appellants and their book-keeper who made out and swore to the schedule, and that the book-keeper insisted upon making it out and filing it without claiming the exemptions, because it was necessary for him to swear to it, and in this determination the appellants, so far as appears, acquiesced.

The case of *People ex rel.* v. *Atkinson,* 103 Ill. 45, is in point, and in our opinion is decisive of the questions presented here. In that case, a tax-payer who was a resident of the town of South Chicago was carrying on the business of a manufacturer in the town of Proviso. In making out a schedule of his personal property to be filed with the assessor of South Chicago, he, by mistake, as he claimed, included the property employed in his manufacturing business in the town of Proviso, although that property was required to be returned to the assessor of Proviso, and was in fact assessed in that town. He claimed that his return of the property of his manufactory to the assessor of South Chicago was induced by the wrongful and fraudulent representation of that assessor that the property was subject to assessment either in South Chicago or in Proviso, and that in either event the taxes would be the same, and that by mistake, and misunderstanding of his rights and duty in the premises, and by the order and direction of the assessor, he was induced

to return all of his personal property to the assessor of South Chicago. On bill filed to enjoin the collection of the taxes levied in South Chicago upon his personal property situated in Proviso, it was held that the facts alleged were insufficient to establish fraud on the part of the assessor of South Chicago, and that the complainant was not entitled to have any portion of the taxes restrained. In reaching that conclusion we held it to be the safe rule, that where a person makes out and delivers to the assessor a schedule of the amounts, quantity and quality of all personal property in his possession required to be listed for taxation by him, he should be bound by such return.

In this case we think the appellants should be held to be bound by the returns made by them to the assessor, there being no evidence of fraud, accident or mistake, and that the county board properly refused to relieve them from the return as made.

The judgment of the county board will be affirmed.

*Judgment affirmed.*