# SECOND DISTRICT, 1901.

COLONIAL AND UNITED STATES MORTGAGE COMPANY ET AL. V.
JOHN THETFORD ET AL.

Decided November 2, 1901.

1.—Deed—Certificate of Acknowledgment—Impeachment by Wife—Evidence.

The rule that the uncorroborated testimony of the wife denying the due execution of her deed is not sufficient to overcome the officer's certificate of her acknowledgment, regular on its face and supported by his testimony or other competent evidence, is held not applicable where the wife denies the execution of the deed and that she appeared before the officer. Following Wheelock v. Cavitt, 91 Texas, 679.

2.—Same—Community Homestead—Estoppel.

Where the wife did not in fact join in the husband's deed conveying the community homestead, and at their death later on no constituent of the family remained, the deed operated by estoppel against the heirs of the husband from the time the homestead interest ceased, as to the husband's half interest in the property; but the deed being void as to the wife, her half interest descended at her death to the children, and they were not estopped by the deed to assert title to such half, where it was not shown that they had received from their father's estate enough property to render them liable on his warranty. Marler v. Handy, 88 Texas, 421, distinguished.

3.—Same—Fraud—Estoppel.

The husband's fraud toward the wife could not, as to her half interest in the property, be set up by his children in avoidance of the estoppel created by his deed.

Appeal from Denton. Tried below before Hon. D. E. Barrett.

*Holloway & Holloway* and *Smith, Sullivan & Lobdell,* for appellants.

*Owsley & Ragsdale,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—The statement in the brief of appellants of the nature and result of the suit contains nothing superfluous and leaves nothing to be added, and we therefore adopt it.

The first complaint is that the evidence was not sufficient to warrant the verdict finding the deed from J. B. Thetford and wife to Brook Beall to be a forgery as to the wife. This deed purported to have been duly executed by Thetford and wife in December, 1888, and was placed on record in January, 1889. Mrs. Thetford, testifying by deposition,

positively denied the execution of the deed so far as she was concerned; but the officer before whom the acknowledgment appears to have been taken, and who had no interest in the matter, testified by deposition quite as positively to the contrary, stating from memory the circumstances attending the execution of the deed, and showing a full compliance with the statute providing for the execution of deeds by married women.

Numerous cases have been cited from other States, and from the Supreme Court of the United States, to sustain the proposition that the testimony of the wife alone denying the execution of her deed is not sufficient to overcome the certificate of the officer showing its execution in due form. As said in the Cyclopoedia of Law and Procedure, volume 1, page 625, "It is very generally held that the testimony of the grantor unsupported and uncorroborated is not sufficient to overcome a certificate regular on its face, especially where the certificate is supported by the testimony of the officer who took the acknowledgment, or by other competent evidence," in support of which numerous cases are there cited. A distinction, however, has been taken between the effect of a certificate of acknowledgment made where the wife appears before the officer and one made where she does not. Wheelock v. Cavitt, 91 Texas, 679. The rule above invoked would seem, therefore, to be inapplicable to this case, as the wife denied appearing before the officer.

Not finding it necessary to pass on the sufficiency of the evidence, we proceed to consider the second assignment of error, reading:

"The court erred in rendering judgment upon the verdict, the said verdict being insufficient to support the judgment in this: The fact that Sarah A. Thetford did not join in the execution of the deed does not render the same void as to the plaintiffs, nor as to these defendants, it appearing that the land was community property; that both husband and wife had died, and that no constituent member of the family remained."

The following authorities cited by appellants seem to sustain this assignment: Marler v. Handy, 88 Texas, 421; Irion v. Mills, 41 Texas, 310; Shields v. Aultman, 20 Texas Civ. App., 345. The appellees have not favored us with a brief, but they doubtless rely upon the opinion of our Supreme Court in Stallings v. Hullum, 89 Texas, 431, reversing the decision of this court, 33 Southwestern Reporter, 1033. In that case, however, the person complaining of the judgment, the wife, still retained homestead rights, which it was held, both by this court and the Supreme Court, could not be affected by the deed of the husband alone; but the judgment appealed from was reversed because it was held by the Supreme Court to interfere with the homestead rights of the wife, contrary to the view of this court that it did not. No such question is involved in this appeal, for, as indicated in the assignment, no vestige of homestead right survived. The object of the homestead exemption ceased upon the death of Mrs. Thetford, and with it the exemption itself. The case, therefore, seems analogous to Marler v. Handy and

that line of cases; in which the homestead had ceased to be, rather than to Stallings v. Hullum, in which it still remained.

As to how the case would stand if the deed to Brook Beall was one made merely for the purpose, in connection with the deed of trust subsequently executed, of obtaining a loan by J. D. Thetford on the homestead, of which there was some evidence, we need not consider, since no relief was sought upon that ground, the allegations of the petition being confined to the issue of forgery.

Upon the ground stated in the second assignment of error, and on the undisputed facts, the judgment is reversed and here rendered for appellants, giving to the mortgage company a foreclosure of its lien to secure the sums adjudged against Brook Beall, as to whom the judgment remains undisturbed.

*Reversed and rendered.*

### ON MOTION FOR REHEARING.

In the written argument submitted by counsel for appellees with their motion for rehearing, the contention is earnestly if not vehemently made that the judgment of this court is wrong, because J. B. Thetford acted fraudulently towards his wife when he attempted to convey the land in controversy to Brook Beall; but the record fails to show that any such issue was distinctly tendered by the pleadings or tried in the court below. The most that appellees alleged was, that Brook Beall procured the deed in question, forged as it was alleged and found by the jury to have been, so far as Mrs. Thetford was concerned, to be recorded, and that he used it to obtain a loan on the land. Nowhere in the pleadings did appellees accuse their father, be it said to their credit, of any participation in the alleged forgery, and no such issue, if raised by the evidence, was submitted to the jury. Possibly their petition might admit of the construction that such charge was impliedly made against J. B. Thetford; and it may be, if forgery there was, as found by the jury, that the evidence tended to implicate him. If, therefore, the issue be a material one, and it was not fully developed in the pleadings and evidence, it would perhaps be our duty to remand the cause, instead of here rendering judgment against the appellees.

It is insisted, on the assumption that the issue of Thetford's fraud was involved, that the cases cited by us as authority for the judgment we have rendered are only applicable where the husband acts in good faith towards the wife, and quotations from opinions in one or more of these cases are cited to sustain this view. But in using the language quoted the court had under consideration the effect upon the homestead rights of the wife of the husband's manner of exercising his superior right as the head of the family to abandon one homestead for another.

There is the following difference, however, between this case and that of Marler v. Handy, 88 Texas, 421, the first cited as authority in our original opinion. Here the deed of the husband never became operative

as a conveyance, by estoppel or otherwise, during his life or the life of the wife, while in Marler v. Handy, on account of the abandonment of the homestead, it did.    We may also add, that but for the explanation offered by Chief Justice Gaines in Stallings v. Hullum, 89 Texas, 431, there would seem to be a conflict between the opinion in that case, holding the deed of the husband to the homestead to be absolutely void as to the wife where she does not join in its execution, and the opinion of Justice Brown in Marler v. Handy, holding, in accordance with what appears to have been the rulings in previous cases, such deed of the husband to be merely inoperative so long as the property remains the homestead, but to become effective as a conveyance, by way of estoppel, when it ceases to be the homestead.    This seeming conflict was thus reconciled by Chief Justice Gaines: "In Irion v. Mills, 41 Texas, 310, the husband alone had executed a deed to the homestead.    Both he and his wife died, and administration was taken out on his estate.    The administrator intervened in a suit between third parties for the property, and it was held that he was estopped by his intestate's deed.    But there was no party to the suit who claimed in any manner under the wife. · The decision in that case is in harmony with the very recent case of Marler v. Handy, 88 Texas, 421, in which it was held that the deed to the homestead executed by the husband alone operated by way of estoppel to pass the title to the grantee, upon the acquisition by the grantor of a new homestead for his family, provided such acquisition was not made with intent to defraud the wife of her interest in the former homestead.    The wife having ceased to have any interest in the former homestead as such, no reason was seen to exist why the deed should not take effect.    It is said in that case that the deed is not void; but it was not meant that it was valid as to the wife, or that it could in the slightest manner affect her rights before a new homestead was acquired.    The fact that it was held in those cases that the deed was not so far void as to prevent it from operating by way of estoppel against the husband, when the wife's interest may cease, does not justify the conclusion that it was to have any operation whatever so long as her right of homestead in the property should continue to exist."

We have concluded, upon closer examination of these opinion and more thorough consideration of the question involved, that we should now hold that the deed of John B. Thetford, which, as before seen, the jury found to be a forgery as to the wife, was not only void as to her but that it only became operative, by way of estoppel, against his heirs, after the homestead ceased.    This did not occur till Mrs. Thetford died, when, eo instante, an undivided half thereof, it being community property, descended to her children, who would not be estopped by the warranty deed of their father from asserting a title derived by inheritance from their mother in the absence of a finding that they had received from their father's estate enough property to render them liable on his warranty.    If the homestead had been abandoned during the lives of Thetford and wife, he might then have conveyed the entire prop-

erty, and the case of Marler v. Handy would seem to be authority for holding that a deed previously made by him should be given the same effect by way of estoppel.   As was said by Justice Brown in that case of the decision·in Irion v. Mills, 41 Texas, 310, "The effect of the decision is to hold that the husband would have been estopped by his deed to assert title in the land after the time when he could have made a conveyance of it."   Such cases seem analogous to those in which an after-acquired title is held to pass by estoppel to the grantee, his heirs, or assigns.   Lindsay v. Freeman, 83 Texas, 257, and cases cited, particularly Comstock v. Smith, by Judge Stayton in Wadkins v. Watson, 86 Texas, 194.   If J. B. Thetford had survived his wife, with or without the abandonment of their homestead, he could not then have conveyed her community interest in the property, and a deed previously made by him while the property was ,the homestead, and when he was consequently equally without power to convey, should not be given any greater effect.   Inasmuch, then, as the homestead immunity prevented the deed of Thetford from operating as a conveyance at the time it was made, and inasmuch as this satus never changed till, upon the death of his wife, one-half of the property descended to her heirs, no title to or power of disposition over that half ever vested in him or his heirs, and there was at no time anything (to. borrow an expression from appellant's brief) "to feed the estoppel" except the other half interest, which we hold passed to Brook Beall's assigns by estoppel.   In this connection see the late case of Garner v. Black, 3 Texas Ct. Rep., 635.   Clearly, as to the half interest which descended from J. B. Thetford to his children, they would not be heard to set up any fraud of his towards his wife or anybody else, in avoidance of the estoppel created by his deed to Brook Beall.

It follows, therefore, that the issue of fraud on the part of J. B. Thetford becomes immaterial, and that the recovery. by appellees, who were plaintiffs below, should be limited to the one-half interest inherited from their mother, and· that the foreclosure given the mortgage company should cover only the other half interest; that is, on the assumption that the finding that the deed was a forgery as to Mrs. Thetford must be sustained, and we think, as intimated in the original opinion, it must.

In the last ground of the motion for rehearing, complaint is made that we erred in finding that no relief was sought on the ground that the deed to Brook Beall was but a pretended sale of the homestead for the purpose of obtaining a loan, and we are referred to the supplemental petition for allegations pleading that issue, but no such allegations are there to be found.   Evidently counsel who prepared the motion mistook the contents of the supplemental pleading.   That would be a different cause of action from the one pleaded and would be barred by limitation. Hence the cause need not be remanded to have it pleaded.

The rehearing will be granted and the judgment reformed, so as to limit the recovery of appellees to an undivided half interest in the land

sued for, but will be reversed and here rendered denying any further recovery and granting to the mortgage company a foreclosure of its lien, with costs of its cross-action, on the other half interest, but in other respects the judgment will stand affirmed, with costs of the appeal taxed against appellees.

Writ of error refused.