### W. J. AND FANNIE WOOTEN, GUARDIANS V. O. H. PENNOCK, JR.

Decided November 28, 1908.

**Homestead—Sale by Husband—Estoppel of His Heirs.**

A deed by a married man, the head of a family, to the homestead without the consent and joinder of the wife is inoperative only as against the homestead rights of the wife so long as the property was her homestead, but after the property is abandoned as a homestead by the wife, the deed by the husband becomes effective by estoppel against his heirs.

Error from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*B. E. Moore,* for plaintiff in error.

*G. P. Dougherty,* for defendant in error.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title brought by the defendant in error against a number of named defendants who are the heirs of R. H. Leonard, deceased. The land in controversy is 80 by 160 feet in dimension, and is known and designated as lots 37 and 38 of Leonard's Addition to the city of Beaumont, as shown upon the map of said addition. One of the defendants, Esther Leonard, is a minor, and her legal guardians, the plaintiffs in error, were made parties defendant. All of the other defendants filed disclaimers. The guardians, plaintiffs in error, answered by general demurrer, and plea of not guilty, and by the following special plea:

"Further answering they say the land described in said petition is and ought to be the property of the defendant, Esther Leonard; that said property at the time of her father's, R. H. Leonard's, death, about February, 1892, being then the owner of same and she being the lawful child of said R. H. Leonard.

"That if the said R. H. Leonard ever conveyed said property, which is here denied, the said conveyance passed no title to said property because at the time of said pretended conveyance, if any, said Leonard was and had been then for many years a married man, with a wife and his minor children residing upon said premises, and same was a part of the homestead of said Leonard and his said family, and said deed was void if ever made; and defendants say the rental value of said property is and has been reasonably worth per month, and plaintiff and those under whom he claims have used said property and collected rents the value of which exceeds any improvements, if any, made as alleged, which defendants here say if made was not made in good faith and without notice of defendants' title. And that said pretended claim of plaintiff is a cloud upon defendant's title and she prays that same be removed, and for such other and further relief as she may show herself entitled in law or equity."

The cause was tried by the court without a jury and judgment was rendered in favor of plaintiff.

There is no statement of facts in the record. The following conclusions of fact and law were filed by the trial court at the request of plaintiffs in error.

"II. I find as a fact from the evidence that R. H. Leonard executed and delivered a general warranty deed for a valuable consideration to Max Ritter conveying the land in controversy, which said deed is dated July 9, 1891.

"III. I find as a fact that R. H. Leonard acquired a tract of twenty-four (24) acres of land, of which the property in controversy is a part, from B. F. Van Meter and wife, by a deed dated in 1887.

"IV. I find that R. H. Leonard and Fannie Morris, who is now the wife of W. J. Wooten and one of the defendants in this suit, were married on the 30th day of December, 1889.

"V. I find from the evidence that R. H. Leonard is now dead, and that his widow, Mrs. Fannie Leonard, afterwards married W. J. Wooten.

"VI. I find from the evidence that R. H. Leonard left six (6) chil-

dren, to wit: J. O. Leonard, C. B. Leonard, R. S. Leonard, Gertrude Leonard, Viola Leonard and Esther Leonard, and his widow, Mrs. Fannie Leonard, as his sole heirs.

"VII. I find from the evidence that R. H. Leonard and his wife, Fannie Leonard, lived together continuously as husband and wife from the date of their said marriage in 1889 till the death of said R. H. Leonard in 1893.

"VIII. I find from the evidence that the land in controversy was a part of a tract of twenty-four (24) acres of land which was owned, by R. H. Leonard on the said 9th day of July, 1891, and which was occupied and used by him and his wife, Fannie Leonard, as their homestead on said date.

"IX. I find as a fact from the evidence that the property in controversy was, on the 9th day of July 1891, when the same was conveyed by R. H. Leonard to Max Ritter, a part of the homestead of the said R. H. Leonard and his wife, Mrs. Fannie Leonard, the entire tract then being in one enclosure in which condition it continued from said date to his death, and I further find as a fact that Mrs. Fannie Leonard, the wife of said R. H. Leonard, did not join in and was not a party to the said deed from R. H. Leonard to Max Ritter.

"X. I find as a fact from the evidence that Mrs. Fannie Wooten, one of the defendants to this suit, does not assert any claim upon or title to the land in controversy individually in her own right, but asserts a right in the property only as guardian of the minor, Esther Leonard.

"XI. I find as a fact from the evidence that the twenty-four (24) acre tract of land, which was owned by R. H. Leonard and which was occupied by him and his wife, Fannie Leonard, on July 9, 1891, as their rural homestead, has been since the death of R. H. Leonard subdivided into blocks and lots and is now within the limits of the city of Beaumont.

"XII. I find as a fact that the twenty-four (24) acre tract of land mentioned in the preceding finding has been since the death of R. H. Leonard partitioned among his children and his widow, who is now the wife of W. J. Wooten, and by this partition, Mrs. Fannie Leonard acquired five (5) acres of this land as her interest in the same, and the property in controversy formed no part of the land set apart to her in this partition, and that in said partition said Esther Leonard received nothing except two lots which was conveyed to her by her father before his death, she then being less than one year old.

"XIII. I find from the evidence that the plaintiff claims the property in controversy under a complete chain of title from and under Max Ritter, to whom the same was conveyed by R. H. Leonard on July 9, 1891, down to the plaintiff, which chain of title is regular and valid in all respects.

"*Conclusions of law.*—1. I conclude that the defendant, Esther Leonard, who claims an interest in the property in controversy as one of the heirs of her father, R. H. Leonard, and from no other source, occupies the position of her ancestor, and that she is estopped to assert the in-

validity of the deed from R. H. Leonard to Max Ritter of July 9, 1891, because, if living, said R. H. Leonard would be estopped.

"II. I conclude that the plaintiff should prevail in this action, and judgment will be rendered accordingly."

Under appropriate assignments plaintiffs in error assail the judgment of the court below upon the ground that the property in question having been a part of the homestead of R. H. Leonard and his wife, Fannie, at the time Leonard conveyed to Ritter, and Mrs. Leonard not having joined in the deed of conveyance, said deed was a nullity and does not estop the minor, Esther Leonard, from claiming an interest in said property as an heir of her father.

The deed from Leonard to Ritter was void, or to speak more accurately, was inoperative as against the homestead rights of Mrs. Leonard so long as the property was a part of her homestead, and at any time prior to her abandonment of her homestead right in the property she might have sued and recovered it. (Stallings v. Hullum, 89 Texas, 431.) When, however, the property ceased to be a part of her homestead by her abandonment of its use as such and her agreement to and acquiescence in the partition of the entire homestead tract between the heirs of her deceased husband and herself, the deed from her husband became effective by estoppel against his heirs. (Marler v. Handy, 88 Texas, 421; Irion v. Mills, 41 Texas, 310; Colonial & U. S. Mortgage Co. v. Thetford, 27 Texas Civ. App., 152.)

Mrs. Leonard, who is now Mrs. Wooten, claims no interest in the property, and the sole claim asserted by plaintiffs in error for their ward is the claim of an interest by inheritance from her deceased father.

The findings of fact by the trial court seem to negative the idea that the property in controversy was set aside to the minor, Esther Leonard, in the partition between the widow and heirs of the deceased husband, and if any right could be asserted under said partition as having been acquired under Mrs. Leonard no such right is pleaded, the only claim made by plaintiffs in error for their said ward being, as before shown, based upon her interest in the property as an heir of her father.

Under the pleadings and the facts as found by the trial court we think the court was right in holding that the minor Esther Leonard, was estopped by the deed of her father from asserting any claim in the property as his heir.

We think the judgment of the court below should be affirmed and it is so ordered.

*Affirmed.*