PFEIFFER v. CITY OF SAN ANTONIO et al. (No. 5868.)

(Court of Civil Appeals of Texas. San Antonio. May 16, 1917. Rehearing Denied June 13, 1917.)

1. TAXATION ⬤⟞335—LIABILITY FOR TAX—ESTOPPEL BY RENDITION.

Where defendant taxpayer rendered property for taxes as his own and duly swore to statements therein, including ownership, he was absolutely liable for taxes thereon after such rendition had been acted upon by proper officers, although property belonged to the partnership.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 562.]

2. TAXATION ⬤⟞592 — ACTION FOR TAXES — GENERAL DENIAL—SUFFICIENCY.

In a suit to collect taxes, the correctness of defendant taxpayer's verified rendition of property could not be attacked by general denial; the same formality being required as when attacking a note.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1205–1213.]

3. TAXATION ⬤⟞335 — ASSESSMENT WITHOUT RENDITION—CONCLUSIVENESS.

Where defendant taxpayer failed to render the property as his or that of the partnership, assessors had the privilege of using defendant's rendition for the previous year, and defendant was bound by sworn statement therein that property was his.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 562.]

4. PARTNERSHIP ⬤⟞54—THE RELATION—EVIDENCE.

That defendant's son had a 20 per cent. interest in property or that defendant had invested

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in business funds intrusted to him did not prove a partnership.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 77, 79.]

5. TRIAL ☞136(3)—QUESTIONS FOR COURT—CONSTRUCTION OF INSTRUMENTS.

Refusal of court to submit to jury construction of defendant taxpayer's written rendition was proper, as construction was for the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 326.]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Suit by the City of Antonio and others against John Pfeiffer. From a judgment for plaintiff, defendant appeals. Affirmed.

Leo Tarleton and Ryan & Matlock, all of San Antonio, for appellant. Geo. R. Gillette and Robt. G. Harris, both of San Antonio, for appellee.

SWEARINGEN, J. This is an appeal from that part of a personal judgment against appellant, J. Pfeiffer, in favor of the city of San Antonio, for the taxes for the years 1908 and 1909 on a certain stock of goods. The jury returned an instructed verdict upon which judgment was rendered against appellant for $769.88.

The pleadings of plaintiff clearly and fully allege liability for taxes for the years 1908 and 1909, and allege that appellant rendered the personal property described in the petition as his own property for the year 1908, and avers that no one rendered the said property for taxes for 1909.

Appellant answered the allegation of liability for 1908 and 1909 taxes and the rendition by appellant by a general denial.

There is no issue made by the facts shown by the evidence, though appellant contends that the evidence shows that in 1908 and 1909 the property described belonged to a partnership, composed of appellant, his son, and others, and contends that therefore appellant was not personally liable for the taxes for those two years. The contention is not supported by any evidence of probative force, and, even if it were, there is no pleading to support the issue.

[1] The above-mentioned contention is the gravamen presented by the six assignments, viz.: That no personal judgment should have been rendered against appellant for taxes on the described stock of merchandise for the years 1908 and 1909. The reason assigned is that the personal property belonged to a partnership composed of appellant and others during those two years.

Appellant owned the property, and rendered it for taxes prior to 1908. There was no notice of any transfer of ownership. June 25, 1908, appellant rendered the property for taxes as his own property and duly swore to the statements, including ownership, contained in the rendition sworn to and signed by him. The statute (article 7503, V. S. C. St.) made it his duty to render the property for taxes. If it were partnership property, and appellant one of the partners, he was required by a mandatory statute to render the property (article 7517), and to state in the rendition the names of all the partners (article 7518, § 1).

The rendition executed by appellant for 1908 made him liable personally for the taxes assessed against the property described in this rendition. He is absolutely bound by his rendition and all facts stated therein. 1 Cooley on Taxation, 618, note 2; Union School Dist. of Guilford v. Bishop, 76 Conn. 695, 58 Atl. 13, 66 L. R. A. 989; In re Bank of Marion, 153 Ill. 516, 39 N. E. 118; Tolman v. Raymond, 202 Ill. 197, 66 N. E. 1086.

[2] It may be that, had the facts stated in the rendition not been stated by the appellant, but had been inserted therein without his knowledge or fault, he would not be bound; but, as contended by appellee, in order to attack a signed and verified written instrument, it is necessary to allege non est factum, fraud, or mistake with all the formality required in defense against a promissory note for similar reasons. Irion v. Mills, 41 Tex. 310.

The only pleading by appellant concerning the taxes for 1908 and 1909 was a general denial. The assessment for 1908 was a quasi judicial proceeding, the foundation of all subsequent procedure. The law required the appellant to render the property for this proceeding, and to state whether he owned it all individually or as a partner. Articles 7517 and 7518. The law also authorized the tax officer to rely upon this rendition as a basis of apportionment of taxes. They did rely upon it, and appellant is bound by it.

It is urged by appellant's counsel that the rendition itself states that the property belonged to a partnership. We think they are mistaken. The rendition states clearly that the property belonged to appellant. The memoranda "20th Century Pharmacy," appearing in the description of the property, could have meant nothing more than that it was the stock of goods handled by appellant under that trade-name. Since money paid for unowed taxes without protest or without compulsion cannot be recovered because of public policy (Galveston v. Gorham, 49 Tex. 308), for the same reasons renditions of a party after being acted upon by the proper officers cannot be corrected, at the instance of the party making the rendition. Appellant is liable for the 1908 taxes as owner of the property because he rendered the property as his.

[3] For 1909 appellant failed to perform his statutory duty, in that he failed to render his property, both his and his partnership property. Under these circumstances it became the privilege of the assessor to use the rendition of 1908, and in so doing he

bound appellant just as effectually as though appellant had repeated the rendition for 1909. City of Houston v. Stewart, 40 Tex. Civ. App. 499, 90 S. W. 49.

[4] While it is not necessary to the decision of this case, we call attention to the fact that no partnership was proven at the trial of this cause. That appellant's son had a 20 per cent. interest, does not indicate a partnership. Neither does the testimony that appellant had invested trust funds intrusted to him in his mercantile business. The most that can be said for such evidence is that appellant used the trust funds and owes it personally together with the highest rate of interest.

[5] The trial court very properly instructed a verdict. The court also correctly refused the requested instructions submitting to the jury the construction of appellant's rendition for 1908, a written instrument. It was the court's duty to construe the written instrument, which it did, and did correctly.

The assignments are all overruled.

The judgment is affirmed.