# HURLEY v. CITY OF WAXAHACHIE.
## No. 1516.

Court of Civil Appeals of Texas. Waco.
Oct. 4, 1934.

Rehearing Denied Nov. 15, 1934.

Lem Wray, of Waxahachie, for appellant.

R. F. Chapman and F. Hancock, both of Waxahachie, and Bell & Clark, of Dallas, for appellee.

ALEXANDER, Justice.

The city of Waxahachie brought this suit against J. A. Hurley to collect delinquent taxes alleged to be due by the defendant to the city for the years 1928 and 1929 on certain ice cream manufacturing equipment and other personal property. Upon a trial before the court without a jury, judgment was entered for the plaintiff, and the defendant appealed.

Appellant's first contention is that there was never any legal assessment of the property for taxes for the years in question. This contention is based on the testimony of the then city tax assessor to the effect that, at the time the property was rendered for taxes for the years in question, he did not know the value of said property and did not undertake to ascertain the value of the same. Appellant's second contention is that the undisputed testimony shows that the value at which said property was assessed for the years in question was so grossly excessive and so out of proportion to the value at which similar property of others was assessed as to be discriminatory.

The undisputed testimony discloses that, at the time the property was rendered for taxes for each of the years in question, the defendant voluntarily signed and swore to the rendition sheets which fixed the value of the property at the amount for which same was assessed for tax purposes by the city. As we understand the rule, where the property owner voluntarily renders his property for taxes, in the absence of an allegation of fraud, accident, or mistake, he is absolutely bound by the valuation so fixed by him. Pfeiffer v. City of San Antonio (Tex. Civ. App.) 195 S. W. 932; Ramey v. City of Tyler (Tex. Civ. App.) 45 S.W.(2d) 359, par. 2. The above assignments of error are therefore overruled.

The judgment of the trial court is affirmed.